George R. Patterson et al., trading as Brauning & Co. *v.* William Glassmire et al., Appellants.

*Contract—Restraint of trade—"Hair goods" business.*

By an agreement in writing defendant and wife sold to plaintiffs all the " stocks, fixtures, merchandise and good will now owned and conducted " at a certain store " in the hair goods business and all the branches thereto appertaining." Defendants further covenanted not to engage in the said business of " hair dealing, or any of the branches thereof, sold as afore-said, within eight squares of said place of business." Defendant subsequently opened a hair dressing establishment within two squares of their former store. There was evidence that, at the time the contract was made, the business of a retail artificial hair store included ladies' hair dressing and hair cutting. There was also evidence, and the master so found, that hair dressing was a part of the business of the shop which was sold to plaintiff. The master found that the business was really owned by the husband, and that the wife was merely his agent. *Held*, that defendants should be restrained by injunction from conducting the business of ladies' hair dressing in the new shop which they had opened.

Argued Jan. 10, 1895. Appeal, No. 9, July T., 1894, by defendants, from decree of C. P. No. 1, Phila. Co., March T., 1893, No. 465, on bill in equity. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ. Affirmed.

Bill for injunction to restrain business of hair dressing within certain limits.

The material portions of the contract between the parties were as follows:

"Know all men by these presents, that we, William Glassmire and Alice Glassmire, of the city of Philadelphia, trading under the style and firm name of Mr. and Mrs. William Glassmire, hair dealers, for and in consideration of the sum of one thousand five hundred dollars, to be paid as hereinafter mentioned, have granted, bargained, sold, assigned and set over unto Elizabeth L. Brauning and George R. Patterson, trading as Brauning & Co., all the stocks, fixtures, merchandise and good will now owned and conducted at No. 2113 Germantown avenue, in the hair goods business and all the branches thereto appertaining, to have and to hold the same unto the said Brauning & Co., their heirs and assigns forever. . . .

"It is also hereby expressly agreed on the part of the said Mr. and Mrs. William Glassmire as a part of the consideration moving in said sale, that they or either of them shall and will not, either by themselves or any other person or persons whomsoever, either directly or indirectly engage in, manage or conduct the said business of hair dealing, or any of the branches thereof, sold as aforesaid, within eight squares of said place of business, No. 2113 Germantown avenue, at any time hereafter."

This bill was brought to restrain defendants from engaging in the business at 1931 North Sixth street, within the limits prescribed, and for an account of profits.

The case was referred to J. Percy Keating, Esq., as master and examiner, who summarized his findings of fact as follows:

"1. The agreement of sale was made on a valuable consideration, and passed to plaintiffs all the stock, fixtures, merchandise and good will then owned and conducted at 2113 Germantown avenue, in the hair goods business and all the branches thereto appertaining, defendants covenanting that they or either of them shall not of themselves or either of them or any person or persons whomsoever, either directly or indirectly, engage in, manage or conduct the said business of hair dealing or any of the branches thereof, sold as aforesaid, within eight squares of the said place of business No. 2113 Germantown avenue, at any time thereafter.

"2. The business conducted at 2113 Germantown avenue prior to the sale was the sole and exclusive business of William Glassmire, his wife, Alice Glassmire, having no interest therein.

"3. The said Alice Glassmire was, prior to said sale, and has ever since been a married woman.

"4. The business at 2113 Germantown avenue at the time of the agreement in question, was the sale of artificial hair, toilet articles and the like, as also the business of dressing and cutting the natural hair.

"5. The business of cutting and dressing the natural hair constituted, at the time of the said sale, a branch of the business of a retail hair store.

"6. Defendant, William Glassmire, was, by mutual understanding contemporaneous with the agreement, permitted to continue the business conducted at 2041 North Front street, notwithstanding the terms of the said agreement; but no other exception or modification of said agreement was ever agreed on between the parties.

"7. Since the agreement of sale the plaintiffs have continued the business of a retail hair store, including hair-dressing and hair-cutting, at 2113 Germantown avenue.

"8. The business conducted at 1931 North Sixth street is that of dressing and cutting of natural hair, and the selling of artificial hair goods and curling irons, crimpers, etc., by sample.

"9. The said business is conducted within the limit prescribed by the agreement of sale and is the business of William Glassmire, one of the defendants.

"10. Since the establishment of said business at 1931 North Sixth street, the business conducted at 2113 Germantown avenue by plaintiffs has fallen off, but to what extent does not appear, and the circumstances of the case render it impossible to determine how far the plaintiffs' business has been damaged by defendant's action in maintaining the business covenanted against. But the proximity of defendant's store renders it most apt to prejudice plaintiffs' business, and customers of plaintiffs' store have been actually diverted to it. . . .

" The evidence adduced to explain the subject-matter of the sale established the fact that the business of cutting and dressing the natural hair constituted, at the time of the agreement,

a branch of the hair goods business actually conducted at 2113 Germantown avenue. That it accordingly passed under the terms of the sale, and became the subject of the covenant, seems to be conclusively established.

"It appears by the evidence that a waiver or concession was allowed by the covenantees, at the time the agreement was entered into, in favor of the Front street store. It was not incorporated in the written agreement, but was simply allowed by mutual understanding. Such waiver does not, in the master's opinion, tend to render obscure or uncertain the rights reserved by the covenantees under the agreement. It is confined solely to the business done at that particular store, and as such it is clear and precise in its nature, the testimony of all the parties to the contract being singularly in accord with regard to it. The evidence in this respect, therefore, does not offend against the rule that the contract should be clear and distinct and established by satisfactory evidence.

"As to the breach, it was established that the dressing and cutting of the natural hair was and is being done at the Sixth street residence, which is within the limit prescribed, and that the business was that of William Glassmire, one of the covenantors and defendants. Articles in the hair goods line were also sold there by sample to be furnished from the Front street store.

"It was contended by defendants that the question as to whether the procuring of orders by sample constitutes a breach of the agreement is too doubtful to warrant an injunction, citing High on Injunctions, sec. 1176. The case upon which such ruling was founded, however, is Turner v. Evans, 2 D. M. & G., 740, where one who had contracted not to 'carry on' business within certain limits afterwards went about within those prescribed limits soliciting orders for his stand, situated outside the limits. Lord CRANWORTH, in declaring the breach too doubtful to warrant an injunction, expressed the opinion that in the case of a business which consists of keeping a store as distinguished, for instance, from a milk route, a man can only be said to 'carry it on' at his stand or place of business. The distinction between that case and this is that here a new stand or place of business was selected within the prescribed limits, and the very thing that was wanting to warrant the injunction

in that case is thus supplied here. Moreover, the agreement here extended to the indirect as well as direct carrying on of the business, which would seem to cover this method of selling the goods of the Front street store. Nor does the sale of the goods at the Sixth street store come within the waiver or exception allowed to the business of the Front street store. Consequently the sale by sample constitutes in the present case a breach of the agreement.

"In the master's opinion, therefore, the essential allegations of the bill are substantiated by the evidence, and the injunction prayed for should issue against William Glassmire to restrain him for all time from conducting the business carried on at the Sixth street residence and elsewhere within the limits prescribed by the agreement, excepting at 2041 North Front street.

"In view of the finding of fact that the business is that of William Glassmire alone, it becomes unnecessary to examine and define the status of Alice Glassmire, the other defendant, under her covenant. The injunction will lie against her, but only in her capacity as agent of the husband in the conduct of the particular business complained of. Hilliard on Injunctions, 715; Barrett v. Blagrave, 5 Ves. 555."

The master reported in favor of plaintiff.

Exceptions to the master's report were overruled and a decree entered restraining William Glassmire, and Alice Glassmire, as agent of William Glassmire, from directly or indirectly engaging in, managing or conducting the business of hair dealing or any of the branches thereof, including the cutting and dressing of the natural hair, at the premises No. 1931 North Sixth street, in the city of Philadelphia, and at any place within eight squares of the premises No. 2113 Germantown avenue in said city, excepting at the store No. 2041 North Front street, in said city, at any time thereafter; that William Glassmire pay the costs; and that plaintiffs have leave to apply for the appointment of a master to take evidence and state an account of profits from the business conducted at No. 1931 North Sixth street.

*Errors assigned* were (1–45) the dismissal of exceptions; (46) decree; quoting them respectively.

*M. J. O' Callaghan* for appellants, cited: 2 High on Injunc-

tions, 3d ed., p. 918; Harkinson's Ap., 78 Pa. 196; Weaver v. Shenk, 154 Pa. 206; Hall's Ap., 60 Pa. 463; Endlich & Richards, Married Women, §§ 1, 10; Hardy v. Mills, 13 W. N. 79; Sellers v. Heinbaugh, 117 Pa. 224; Schlosser's Ap., 58 Pa. 493; 2 Pomeroy's Eq. Jur., 2d. ed., §§ 1095, 1098, 1105, 1109, 1121, 1122, 1123; Beach on Eq. Jur., §§ 184 and 185; Rhodes v. Dunbar, 57 Pa. 274; Clark's Ap., 62 Pa. 447; Minnig's Ap., 82 Pa. 373; Head v. Maloney, 17 W. N. 87; Allison's Ap., 77 Pa. 221.

*Charles L. Smyth*, for appellees, cited: Logue's Ap., 104 Pa. 140; Warner v. Hare, 154 Pa. 548; Brotherton v. Reynolds, 164 Pa. 134; High on Injunctions, § 1177; Smith's Ap., 113 Pa. 579; Palmer v. Graham, 1 Pars. 476.

PER CURIAM, Jan. 21, 1895:

Each of the first forty-five specifications of error complains of the dismissal of the exception, etc., quoted therein. The first twenty-seven of these exceptions to the learned master's report were filed by William Glassmire, one of the defendants, and the remaining eighteen by the other defendant. The exceptions having been considered and dismissed by the court, the master's report was approved and the decree recommended by him was entered. This last act is the subject of complaint in the forty-sixth specification.

It cannot be doubted that the decree in question is the logical result of the facts found by the master and approved by the court. It is therefore incumbent on the appellants to convict the court below of error in dismissing one or more of their forty-five exceptions to the master's report. Failing in that, the decree must stand.

It is not our purpose, nor do we think it necessary, to consider the specifications in detail. To do so would consume time without any useful result. Our examination of the record and consideration of the proofs has satisfied us that the master's findings of fact are sustained by the evidence; that his conclusions drawn from the facts thus established are correct; and that he committed no error in not finding certain alleged facts referred to in some of the exceptions. It therefore follows that there was no error in dismissing the exceptions, or in entering

the decree. The facts on which the latter rests, together with the reasons in support of it, are so fully set forth in the master's report that further elaboration is unnecessary. In view of the properly established facts and the reasons presented in said report, we think the decree should not be disturbed.

Decree affirmed and appeal dismissed with costs to be paid by the appellants.