## John M. Stover *v.* Upton N. Spielman, Appellant.

*Contracts — Canons of construction as to penalty and liquidated damages.*

Certain canons of construction have been laid down in the books applicable to contracts reserving penalties or liquidated damages for breach of covenants. Each of the following canons is supported by decisions of the \Supreme Court of this state.

" When, independently of the stipulation, the damages would be wholly uncertain and incapable or very difficult of being ascertained, except by mere conjecture, then the damages will usually be considered liquidated :" Clements v. R. R., 132 Pa. 445.

" Where a party binds himself in a sum named not to carry on any particular trade, business or profession, within certain limits or within a specified period of time, the sum named will be regarded as liquidated damages and not as a penalty :" Kelso v. Reid, 145 Pa. 606.

" A sum fixed as security for the performance of a contract containing a number of stipulations of widely different importance, breaches of some of which are capable of accurate valuation, for any of which the stipulated sum is an excessive compensation, is a penalty." Conversely, as given from Bagley v. Peddie, 16 N. Y. 469 ; March v. Allabough, 103 Pa. 335.

" When the covenant is for the performance of a single act or several acts, or the abstaining from doing some particular act or acts, which are not measurable by any exact pecuniary standard, and it is agreed that the party covenanting shall pay a stipulated sum as damages for a violation of any of such covenants, that sum is to be deemed liquidated damages and not a penalty :" Shreve v. Brereton, 51 Pa. 175.

*Contract—Breach of covenants—Liquidated damages.*

A confectioner sold to plaintiff his stock and business, etc., and covenanted neither to engage in business for himself nor as clerk for anybody else, nor to permit his wife to do so, and agreed in the event of violation of any of these covenants to pay $800 as liquidated damages. *Held :* that by the canons of construction the sum specified was in the nature of liquidated damages and not a penalty, and that the jury were properly instructed that it could be recovered as such.

Argued March 17, 1896. Appeal, No. 11, March T., 1896, by defendant, from judgment of C. P. Franklin Co., February Term, 1894, No. 143, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Assumpsit to recover liquidated damages reserved in the contract for breach of covenants therein. Verdict for the plaintiff, $928.

The facts sufficiently appear from the following portions of the charge of STEWART, P. J.:

Gentlemen of the Jury: — The plaintiff by written articles of agreement purchased from the defendant the stock and fixtures of a confectionery and bakery establishment in Greencastle for the sum of $1600. Amongst other things, it was provided in this agreement that the defendant was not to engage in the same business in Greencastle while the plaintiff continued in the business in that place. Contemporaneously with this article of agreement the defendant executed and delivered to the plaintiff his obligation under seal, which reads as follows:

"I bind myself and agree that so long as Jno. M. Stover carries on the business herein mentioned and sold to him this day I will not engage in said business in the borough of Greencastle or at any point within five miles of said borough.

"And I will not engage or hire myself as clerk or otherwise to any person engaged in the confectionery, baking or ice business, in Greencastle during the time John M. Stover is engaged in said business — or within four miles of said borough.

"And I make the above covenants binding upon myself and upon my wife.

"And in case I violate or break said covenants or my wife breaks the same I agree to pay to John M. Stover, his heirs or assigns, the sum of Eight Hundred Dollars liquidated damages.

"Signed and sealed 10th August, 1889.

U. N. SPIELMAN, (Seal)."

[The plaintiff has offered evidence to show that the defendant in violation of his agreement, while he, the plaintiff, was continuing in business which he acquired from the defendant, established and conducted in Greencastle a bakery and confectionery in all essential particulars like that he sold to the plaintiff. He has not undertaken to show what particular

damage if any resulted to him in consequence of this failure · on the part of the defendant to keep his engagement in this respect, but demands from the defendant the amount named in the obligation, insisting that this sum was agreed upon between them as compensation to the plaintiff in case of a breach by the defendant—in other words that the amount stated in the obligation which I have read, is liquidated damages. The construction of this contract is for the court, and I am of opinion that the contention of the plaintiff with respect to this particular of it, must be sustained.] [3] It is entirely competent for parties to a contract to assess in advance the damages which are to be recoverable for a breach by either. In doing so they dispense with all further inquiry as to the extent of the damage sustained, and the amount so agreed upon as compensation for the injury done by the breach is recoverable. . . .

[Nor does our construction of the instrument offend against the rule which regards a sum named as a penalty rather than liquidated damages, where the contract contains a number of stipulations of widely different importance, breaches of some of which are capable of accurate valuation, for any of which the stipulated sum is an excessive compensation. Here the stipulation is in point of fact single ;] [4] it is that the defendant will not engage in like business in Greencastle with the plaintiff for a fixed period. Because it specifically provides that he is not to engage as clerk for another in the same business and place, and that his wife is to come under the same disability, does not make it subject to the above rule. These stipulations are but expressive of what is intended and included in the general covenant that the plaintiff is to be protected against the defendant's competition. If regarded as separate covenants, they cannot be said to be of widely different importance, for a breach of either would be likely to entail the same damage, and in no case could a breach be accurately measured.

Both upon the letter of the contract and the subject-matter and surroundings we rest our conclusion that the amount named, $800, is liquidated damages. [The plaintiff, having shown a breach by the defendant of the contract, the defendant offering no evidence whatever to the contrary, he is entitled

to recover this amount, less whatever amount, if any, that the defendant has shown he is entitled to by way of set-off to the plaintiff's claim.] [5]

*Errors assigned* were, (1) refusal of defendant's first point: "That the sum to be paid was in the nature of a penalty and is not liquidated damages, notwithstanding the fact that it is so denominated in the contract." (2) Refusing defendant's second point. "The plaintiff not having alleged or proved any actual damage cannot recover in this action." (3–5) Errors in portions of charge, reciting same.

*O. C. Bowers, A. G. McLanahan,* for appellant.—The question here involved has been considered frequently and with great care by our Supreme Court in recent years, and yet we feel that no apology is needed for raising it again, since the court itself has said "there is no class of cases which come before us more difficult to determine upon any settled rule than this;" and "upon no question have courts doubted and differed more:" Moore v. Colt, 127 Pa. 295. The general rule adopted by the court for its guidance, in stated in Streeper v. Williams, 48 Pa. 450; see also Keck v. Bieber, 148 Pa. 646. The rule as to the intent of parties may be found in 2 Gr. Ev. sec. 258, where the rule there laid down is approved in Shreve v. Brereton, 51 Pa. 175. The fact that the sum named is called "liquidated damages" is but of slight weight: Keck v. Bieber, 148 Pa. 646; Kemble v. Farren, 6 Bing. 141, cited in Sedgwick on Damages, 8th ed. 567; Gillis v. Hall, 2 Brewster, 342. In Moore v. Colt, 127 Pa. 289, the sum is reserved as a penalty and not stipulated damages. In Clements v. Railroad Co., 132 Pa. 445 it was held that the sum expressly stipulated as liquidated damages will be relieved from if it is obviously to secure a sum capable of being compensated by interest. The reasoning of the court in Wilkinson v. Colley, 164 Pa. 35, is particularly applicable to the case at bar.

*D. Watson Rowe, Watson R. Davison* with him, for appellee. —It is idle to contend that the business was not sold: Cushing v. Drew, 97 Mass. 445. The question of liquidated damages has received full treatment in Sedgwick on Damages, 8th ed.

530        STOVER *v.* SPIELMAN, Appellant.

Arguments—Opinion of the Court.        [1 Super. Ct.

1891, vol. 1, p. 549, etc. Among his particular canons are those applicable in certain well defined cases (see canons set forth in the syllabus); each of which have had full recognition in the decisions of our Supreme Court; see also Moore v. Colt, 127 Pa. 289. The leading case in America is Dakin v. Williams, 17 Wend. 447; s. c. in error, 22 Wend. 201.

OPINION BY REEDER, J., April 13, 1896:

The only question raised by the several assignments of error is whether the amount of $800 mentioned in the agreement between Stover and Spielman is in the nature of a penalty or liquidated damages. The construction of the learned court below of the contract was that the full amount stated in the written contract was to be paid under its terms by the defendant to the plaintiff in case there was any failure by the defendant to keep any of the covenants entered into by him. There was no denial by the defendant that he had broken these covenants, but his contention was that the sum mentioned in the contract was in the nature of a penalty, and that the plaintiff was only entitled to recover the amount of damages which he had actually sustained to an amount not exceeding $800. It is true that no definite rule to determine whether a stipulated sum to be paid on a breach of contract is a penalty or liquidated damages can be laid down, which is not subject to exception, and the courts in determining that question will always regard the equities of the case, yet there are certain rules of construction in regard to contracts of this class. Sedgwick in his work on the Measure of Damages, 8th edition, 1891, vol. 1, pp. 549 et seq., states certain canons of construction applicable to contracts of this character.

(1) "When, independently of the stipulation, the damages would be wholly uncertain and incapable or very difficult of being ascertained, except by mere conjecture, then the damages will usually be considered liquidated:"

(2) "Where a party binds himself in a sum named not to carry on any particular trade, business or profession, within certain limits or within a specified period of time, the sum named will be regarded as liquidated damages and not as a penalty:"

(3) "A sum fixed as security for the performance of a con-

tract containing a number of stipulations of widely different importance, breaches of some of which are capable of accurate valuation, for any of which the stipulated sum is an excessive compensation, is a penalty." Conversely as given from Bagley v. Peddie, 16 N. Y. 469.

(4) " When the covenant is for the performance of a single act or several acts, or the abstaining from doing some particular act or acts, which are not measurable by any exact pecuniary standard, and it is agreed that the party covenanting shall pay a stipulated sum as damages for a violation of any of such covenants, that sum is to be deemed liquidated damages and not a penalty : "

Each of these canons is supported by decisions of the Supreme Court of our own state. The first by Clements v. Railroad Co., 132 Pa. 445. The second by Kelso v. Reid, 145 Pa. 606 ; Cushing v. Drew recognized in Moore v. Colt, 127 Pa. 289 ; and also in Dakin v. Williams, 17 Wend. 447, and 22 Wend. 201. The third and fourth by March v. Allabough, 103 Pa. 335 ; Shreve v. Brereton, 51 Pa. 175.

Applying these rules of construction to the case under consideration they fully support the charge of the learned judge of the court below. The business sold was a business established by the defendant in his own building, the stock and fixtures of a bakery and confectionery, together with an agreement that the plaintiff should have the right to occupy the premises for a certain stipulated term. The good will is not eo nomine mentioned in the agreement of sale, yet it is agreed that " The said Stover is to have possession of the store and business and the premises necessary to carry on the business, etc. on the first day of September next, including every thing that belongs to the business and that is on hand and has been used by said Spielman in connection with his business." That this is a sale of the good will of the business there can be no doubt. This was followed by Spielman's agreement not to engage in business for himself or as clerk for any one else or not to permit his wife to do so in Greencastle. Clearly when this covenent was broken by Spielman engaging in business in Greencastle the damages sustained by Stover were " wholly uncertain and very difficult of being ascertained." The amount of loss may increase with each year and may be greater in the future than it has been

in the past. No positive testimony could be given as to the amount of damages Stover would sustain. At best it would be mere conjecture. This, applying the first and second canons of construction above cited, would compel us to hold that this was liquidated damages and not a penalty. This we are compelled to hold under the decision of Kelso v. Reid, supra, where the defendant sold to the plaintiffs a general country store and agreed that he " would not carry on the same kind of a business within a radius of two miles under a penalty of $1000.00 to be paid as liquidated damages without proof of loss or damage on their part." In that case the Supreme Court say, " This belongs to a class of cases where it is next to impossible to prove the full extent of the damages; and it was for this reason in part at least that the damages were liquidated by the parties themselves. Moreover the amount was reasonable. It is just as well that persons who sell out their business with its good will, and stipulate as a part of the transaction not to carry on the same business within a given circuit, should understand that it means something, and that for a breach of such covenant they must respond in damages."

The appellant claims that under the ruling of the Supreme Court in Keck v. Bieber, 148 Pa. 646, and Shreve v. Brereton, 51 Pa. 175, the sum named in the agreement must be regarded as a penalty and not as stipulated damages, for the reason that the acts of the defendant provided against are of wholly different degrees of importance. In Keck v. Bieber, supra, Justice MITCHELL says: " The amount may be fixed by the parties in advance, but where a lump sum is named by them the court will always look into the question whether this is really liquidated damages or only a penalty, the presumption being that it is the latter. The name by which it is called is but of slight weight, the controlling elements being the intent of the parties and the special circumstances of the case. . . . The intent of the parties being therefore the principal object of ascertainment. Greenleaf lays down certain rules as the result of the cases, and among them that the sum is to be taken as a penalty where the agreement contains matters of different importance, and yet the sum is payable for the breach of any, even the least, (citing Gr. Ev. sec. 258). This rule is approved in Shreve v. Brereton, 51 Pa. 175.

This agreement provides that Spielman is not to go into business in Greencastle or within a certain distance thereof either for himself or as clerk for another, and is not to permit his wife to go into business for herself or as clerk.   These stipulations all refer to the same thing, namely, that he is not to engage in the same business either directly or indirectly which he sold to the plaintiff.   They refer to but one subject and are all intended to protect the plaintiff from the same thing, namely, the competition of Spielman or his wife.   All the stipulations being designed to accomplish but the one purpose, one is of no more importance than another.   The rule as laid down in Keck v. Bieber and as cited therein from Greenleaf is not applicable to the case under consideration.   The rule as laid down in Streeper v. Wilson, 48 Pa. 450, is the recognized rule of construction in contracts of this character : " In each case we must look at the language of the contract, the intention of the parties as gathered from all its provisions, the subject of the contract and its surroundings, the ease or difficulty of measuring the breach in damages and the sum stipulated, and from the whole gather the view which good conscience and equity ought to take of the case."

If we look at this agreement and its surrounding circumstances for the purpose of gathering the intention of the parties, we are forced to the correctness of the conclusion arrived at by the learned judge of the court below, that this sum was inserted with the understanding it was to be liquidated damages.   Its purpose is clear.   Stover purchased Spielman's business which was established in a house owned by Spielman.   At any time after two years and six months, the term which the defendant agreed to lease his storeroom to the plaintiff, it was possible for the defendant to refuse him a further lease and resume business himself at the old stand, thus taking to himself not only the custom which the place may have had from those who were patrons when he sold it, but also some patrons who went to the place while kept by Stover.   What the extent of the injury to Stover might be were this done, would be so difficult of ascertainment that the intention of the parties clearly seems to have been to fix it at the liquidated sum of $800 in the agreement.

Judgment affirmed.