## L. Loewy & Son v. Husin.

*Agreement not to carry on business—Liquidated damages.*

1. A contract in which a party agrees not to carry on a business within a reasonable distance of a particular place is valid, even though there was no time limit fixed in the agreement, and a party who has so agreed "not to engage in the business of making shirts directly or indirectly" violates such agreement by making shirts under contract for various shirt manufacturers.

2. Where, in such agreement, the party further agreed to forfeit a reasonable sum named, being the amount he received in consideration of the contract, if he violated its terms, such amount is to be considered liquidated damages and not a penalty.

Rule for a new trial. C. P. Lancaster Co., Nov. T., 1920, No. 27.

*K. L. Shirk* and *John A. Coyle*, for defendant.

*Joseph T. Evans* and *John E. Malone*, contra.

HASSLER, J., April 8, 1922.—The defendant and Hyman Solodar were engaged in the manufacture of shirts in the Borough of Ephrata, this county, and under an agreement dated July 24, 1916, were to devote all their time and

service to making shirts exclusively for the plaintiff, at prices mentioned in the agreement. The agreement was to be in force from April 1, 1917, to March 31, 1919. On Feb. 15, 1919, a new agreement was made between them and the plaintiff, wherein it was agreed that the original agreement was to be canceled forthwith, and that $500 was to be paid to the defendant, in consideration of which the defendant agreed that he would not engage in the shirt business, or work as an operator, or engage in the said business of shirt making, *directly or indirectly*, in Ephrata, or within a radius of twenty-five miles of it, under a forfeit of said sum of $500, to be collected from him by due process of law.

The defendant, in the affidavit of defence, raised only three questions, which, under the Practice Act, were the only issues to be tried. He did not deny the execution of the agreement, but alleged that (1) he signed it through fraud, duress or undue influence. No testimony was offered at the trial to sustain this defence. (2) That he signed it, having been induced to believe it was only to be in force until the end of the original agreement; that is, from Feb. 15, 1919, to March 31, 1919. No testimony was offered to support this defence. (3) That he had not violated the contract of Feb. 15, 1919, as he had not engaged in the shirt business or manufacturing of shirts, but only made them under contract for various shirt manufacturers, and that he was merely employed as a contractor by them. He offered testimony in support of this defence, but it showed that he had broken the contract, and the jury so found. The verdict is not only in accordance with the law and the evidence, but we cannot understand how it could have been different.

Several of the reasons for a new trial question the correctness of our instruction as to the validity of the agreement of Feb. 16, 1919. Although this was not made an issue in the pleadings, we are satisfied that we correctly instructed the jury as to the binding effect of the agreement upon the defendant not to engage in the shirt business, directly or indirectly, within twenty-five miles of Ephrata, even though there was no time limit fixed in the agreement during which he should not so engage in that business. A contract in absolute and general restriction of trade is against public policy and void, but the cases are numerous which hold that a contract in which a party agrees not to carry on a business or practice a profession within a reasonable distance of a particular place, or within a specified time, is valid: McClurg's Appeal, 58 Pa. 51; Betts's Appeal, 10 W. N. C. 431; Given *v.* Grier, 3 Lanc. Law Rev. 289; Kelso *v.* Reid, 145 Pa. 606; Patterson *v.* Glassmire, 166 Pa. 230.

It is also alleged in the reasons for a new trial that we erred in not instructing the jury that the sum of $500, which the defendant agreed in the contract of Feb. 15, 1919, he would forfeit if he violated its terms, was a penalty and not liquidated damages. Where actual damages for a breach of contract are uncertain and incapable or difficult of ascertainment, the sum stipulated to be paid in case of a breach, if not unreasonable, will be regarded as liquidated damages: Mathews *v.* Sharp, 99 Pa. 560; Malone *v.* Philadelphia, 147 Pa. 416. Where an agreement is made that a person will not engage in a business within a certain distance of the location of a similar business which he had sold to another, under penalty or forfeit of a reasonable amount, such amount is to be considered liquidated damages and not penalty: Kelso *v.* Reid, 145 Pa. 606; Stover *v.* Spielman, 1 Pa. Superior Ct. 526.

In this case it would have been very difficult, if not impossible, to have ascertained the damages sustained by the plaintiff through the defendant's breach of his agreement. The amount mentioned as a forfeit was reasonable,

2 D. & C.

L. Loewy & Son *v.* Husin.

as it was the same amount he received in consideration of his agreement not to engage in business in that locality, and it was, therefore, in our opinion, liquidated damages and not a penalty.

It is alleged also in the reasons for a new trial that we erred in admitting the agreement of Feb. 15, 1919, without proper proof of its execution. Its execution by the defendant was not denied in the affidavit of defence, and, under the Practice Act and our rules of court, no proof of its execution was required.

We are not satisfied that any error was pointed out in any of the reasons for a new trial, and we, therefore, discharge the rule.

From George Ross Eshleman, Lancaster, Pa.