# Lackawanna Boiler & Grate Co. *v.* Lee Coal Storage Co., Appellant.

*Contracts—Damages—Liquidated damages or penalty.*

1. The question whether an amount stated in a contract to be paid by one party or the other in event of a breach of the contract, shall be construed a penalty or liquidated damages, must be determined by the intention of the parties as indicated in the light of its subject-matter and surroundings.

2. In determining such question, the court will consider, among other matters, the relation which the amount stipulated bears to the damages likely to result from the injury complained of, the complication incident to the questions involved, and such other matters as are legally and indispensably essential in determining the question.

3. It is not important whether the parties to a contract have named a sum as penalty or liquidated damages; if the covenant embraces the performance of several acts, and a single sum is named, it will be treated as a penalty, especially where the damages for breach may be readily determined.

4. If, in such case, the actual damages are uncertain and difficult to ascertain or are of a purely speculative character, and the contract furnishes no data for their ascertainment, the provision will be held one for liquidated damages.

5. In an action for breach of contract to recover the cost of installing appliances to transport coal from defendant's mines, where it appears that the contract provided that plaintiff should install appliances and transport coal to a minimum amount of 150 tons per day at a specified sum of 50 cents per ton, and the contract further specified that plaintiffs were to be paid $1.50 for all idle time per hour for each truck as the work progressed, provided they were notified the day before, in which case they were not to be paid for any idle time, and it further appears that defendant supplied only 60 tons per day for transportation, the sum of $1.50 per hour is to be construed as a penalty and not as liquidated damages.

Argued May 24, 1927. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 36, Jan. T., 1928, by defendant, from judgment of C. P. Lackawanna Co., Jan. T., 1921, No. 949, on verdict for plaintiff, in case of Lackawanna Boiler & Grate Co. v. Lee Coal Storage Co. Affirmed.

Assumpsit for breach of contract. Before MAXEY, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,750. Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v., quoting record.

*William J. Fitzgerald,* with him *Edward J. Kelly* and *John P. Kelly,* for appellant, cited: McKeever v. Iron Co., 138 Pa. 184; New Holland Turnpike Co. v. Lancaster Co., 71 Pa. 442; Yoder v. Strong, 227 Pa. 432.

*Clarence Balentine,* for appellee, cited: York v. Rys., 229 Pa. 236; Gross v. Machine Works, 277 Pa. 363; Sautter v. Rowland, 285 Pa. 212.

OPINION BY MR. JUSTICE FRAZER, June 25, 1927:

Plaintiff entered into an agreement with defendant, both being Pennsylvania corporations, to transport coal from the latter's mine to a railroad for shipment to market, the material part of the contract being as follows:

"We are to build free of expense to you a plank road on the rough road that is now there, grading same to suit our designs and haul over it the prepared coal, in the quantities made to an amount of at least 150 gross tons per day of 9 hours......

"We are to provide not less than two auto-trucks, to carry the coal, which are to be of capacity to handle the above quantity, and in case of any serious failure of the trucks, we are to provide teams and wagons enough to do the work during the time of truck repairs. It is to

be understood it is our intention to provide an extra truck as soon as possible to guard against delays.

"We are to receive from you as compensation for this and the hauling of the coal, the sum of 50 cents per gross ton for all the coal hauled......

"We are to be paid $1.50 for all idle time per hour, for each truck, as the work proceeds to completion, provided we have not been notified the day before, in which case [if notified] we are not to be paid for any such idle time."

In accordance with this agreement, plaintiff proceeded to construct a plank road, procured equipment necessary for performing the contract, and the parties operated thereunder for almost a year. The coal furnished by defendant for transportation during that time averaged slightly over sixty tons per day instead of one hundred fifty tons as stipulated. Plaintiff finally rescinded the contract, alleging the small quantity of coal furnished for transportation resulted in a money loss to it. Following the rescinding of the contract, plaintiff sued to recover the cost of equipment and expenses incurred in preparing to perform the agreement. The trial resulted in a verdict in its favor, and defendant moved for judgment non obstante veredicto, which was refused by the court below. Defendant appealed, assigning for error the refusal of its motion for judgment n. o. v. The only questions before us are, first, whether the contract required defendant to furnish for transportation a minimum of 150 gross tons of coal per day, and, second, whether the provision for $1.50 for idle time for each truck amounted to a liquidation of the damages, and prevented plaintiff from recovering in excess of this amount.

That a considerable investment on the part of plaintiff was made necessary to provide adequate means and equipment for carrying out the agreement is apparent. A plank road had necessarily to be constructed and at least two auto trucks procured with capacity sufficient

to handle the minimum quantity of coal mentioned. In addition to this, teams and wagons were provided and held in readiness to prevent delay in case the trucks should break down or be withdrawn from service for repairs. The entire contract clearly indicates the parties contemplated that plaintiff should be ready at all times to transport the minimum quantity of coal named per day and maintain the required equipment for that purpose to "guard against delays." We should not assume, in fact it would be unreasonable to do so, that plaintiff would undertake such expense without assurance of sufficient employment to maintain and compensate for the overhead charges on the equipment and provide a reasonable profit. It needs no argument to prove from a business point of view that the transportation of 60 gross tons per day by an equipment calculated to take care of 150 gross tons would probably result in a serious loss to plaintiff. Giving the words their natural meaning, it is obvious the provision requiring plaintiff to prepare to haul coal "in the quantities named to an amount at least 150 gross tons per day," meant that defendant would furnish for transportation daily tonnage at least to that extent. Such construction is the only one reasonably capable of being adopted, as the contrary view would enable defendant to impose on plaintiff a total loss of the expense of preparing to carry out the contract, by furnishing any minimum quantity which it might choose to offer, or even to furnish no coal subject only to the liability to pay the fixed amount per hour for each idle truck. Even this accountability could be discharged by merely notifying plaintiff a day in advance, in which case no liability whatever would be imposed on defendant under the contract.

The question whether an amount stated in a contract to be paid by one party or the other in event of the breach of a covenant or condition in an agreement, shall be construed a penalty or liquidated damages, must be determined by the intention of the parties as indicated

in the praseology of the entire contract, construed in the light of its subject-matter and its surrounding; and in determining this question the court will consider, among other matters, the relation which the amount stipulated bears to the injury likely to result from the breach complained of, the complications incident to the questions involved, and such other matters as are legally or indispensably essential in determining the question: York v. York Rys. Co., 229 Pa. 236, 241. It is not important whether the parties have named the sum a penalty or liquidated damages; if the covenant embraces the performance of several acts and a single sum is named, it will be treated as a penalty, especially where the damages for breach may be readily determined. If, however, the actual damages are uncertain and difficult to ascertain or are of a purely speculative character, and the contract furnishes no data for their ascertainment, the provision will be held one for liquidated damages: 8 R. C. L. page 569.

Tested by the above rules, it appears in the present contract that in inserting the provision of $1.50 a day for idle trucks there was no intention by the parties to liquidate damages which might be suffered in the event of a breach of the contract as a whole. The sum mentioned was merely in the nature of a penalty to reimburse plaintiff for such time as its trucks were forced to stand idle without fault on its part and without reasonable notice from defendant. The sum mentioned would prove totally inadequate to repay plaintiff for its investment if for any reason defendant decided not to proceed further under the contract, and we find nothing to indicate an intention on the part of plaintiff to accept such sum in full satisfaction of all damages it might suffer in case of a breach of the contract provisions by defendant. As a matter of fact, defendant was required to make no payments if it gave notice that the services of trucks would not be needed on succeeding days until further notice. The actual damages incident to a breach

of this contract are not difficult to determine, and are not speculative in character, the claim made by plaintiff being merely for the money expended conformably to its agreement in preparing to perform the contract.

The judgment is affirmed.