Opinion by
 

 Stadtfeld, J.,
 

 On October 6, 1939, the Philadelphia Dairy Products Company, manufacturer and distributor of ice cream and other frozen products, entered into a contract with ,appellants, I. Polin and Y. Polin, who operate a general , store in the city ,of Philadelphia in which such products are sold to the public. Under the terms of this contract the company made a loan of $200 to the dealers who agreed to make repayment from time to time.; The company agreed to sell and the dealers agreed to purchase the company’s ice cream and other frozen products to the full extent of their requirements for the term of two years from the date of the contract. Paragraph 7 of the contract further provided as follows: “Dealer furthermore agrees that if Dealer shall, during ’the term
 
 *28
 
 aforesaid, neglect pr refuse to purchase from Company the ice cream, ices and other frozen products, to the full extent of Dealer’s requirements, or fails to pay the invoices,therefor when due, or discontinues in business in violation of paragraph 5 herein, then in any such event the entire unpaid balance of the same sum of Two Hundred Dollars ($200) shall immediately become due and payable to Company, and Dealer hereby agrees to pay the same, forthwith,
 
 and also to pay damages to the Company for such neglect or refusal to purchase or pay for such ice cream, etc., for the entire term pf this agreement.
 
 In view of the difficulty of determining the exact amount of
 
 said damages,
 
 Dealer ¡agrees to pay Company the sum of One Hundred Dollars ($100), and Dealer shall pay said sum forthwith to Company, as the amount agreed upon by Dealer and Company as liquidated damages for preliminary negotiations and services rendered leading up to the execution of this agreement, the expense incurred by Company in installing and removing its equipment, the depreciation thereof while used by Dealer, the loss of profits to Company, and the loss in trade, which Company may suffer by reason of the failure of Dealer to continue purchasing Company’s products in accordance with this agreement, and any other indirect or uncertain damages to Company by reason of such default.” The same paragraph contained a power of attorney to confess judgment against the dealers for damages in the event of default in performance of their contractual obligation.
 

 In September 1910, about eleven months after the execution of the contract, the dealers stopped buying the company’s products and purchased their requirements elsewhere. By this time the dealers had repaid the $200 loan to the company. On October 15, 1910 judgment was entered against the dealers by confession in the sum of $105.56, based upon the clause in the agreement calling for liquidated damages in the amount of $100. On April 1, 1911, appellants filed a petition
 
 *29
 
 to open the judgment alleging that since many customers had refused to patronize their store because of the poor quality of the company’s products, appellants were forced to sell a better grade of merchandise in order to save their business. The petition further averred that the assessed damages were harsh, unconscionable and disproportionate to the amount involved in the contract, and hence constituted a penalty. Appellees filed an answer denying that appellants had ceased handling the products in question because of any defect therein, but averring that the supplied products were of the highest grade and quality. The answer further denied that the provision in the contract for the assessment of damages constituted a penalty, but averred on the contrary that the amount stated represented a fair and just liquidation of all damages resulting from the breach of the contract, including the loss of profits. Appellants attached a copy of the contract in, question to their petition, but after an answer had been filed, took no depositions in support of their petition. After argument on the petition and answer the court below discharged the rule to show cause why the judgment entered by confession should not be opened. From that order this appeal is taken.
 

 The only question involved in this appeal is whether the provision of the contract for the payment of $100 constitutes a penalty or liquidated damages clause.
 

 As stated in
 
 Streeper v. Williams,
 
 48 Pa. 450, 454, “......we must determine whether the stipulated sum is a penalty or liquidated damages. Upon no question have courts doubted and differed more. It is unnecessary to examine the numerous authorities in detail, for they are neither uniform nor consistent. No definite rule to determine the question is furnished by them, each being determined more in direct reference to its own facts than to any general rule. In the earlier cases, the courts gave more weight to the language of the clause designating the sum as a penalty or as liquidated
 
 *30
 
 damages. The modern authorities attach greater importance to the meaning and intention of the parties. Yet the intention is not all-controlling, for in some cases the subject-matter and surroundings of the contract will control the intention where equity absolutely demands it. A sum expressly stipulated as liquidated damages will be relieved from, if it is obviously to secure payment of another sum capable of being compensated by interest. On the other hand, a sum denominated a penalty, or forfeiture, will be considered liquidated damages where it is fixed upon by the parties as the measure of the damages, because the nature of the case, the uncertainty of the proof, or the difficulties of reaching the damages by proof, have induced them to make the damages a subject of previous adjustment. In some cases the magnitude of the sum, and its proportion to the probable consequence of a breach, will cause it to be looked upon as minatory only. Upon the whole, the only general observation we can make is, that in each case we must look at the language of the contract, the intention of the parties as gathered from all its provisions, the subject of the contract and its surroundings, the ease or difficulty of measuring the breach in damages, and the sum stipulated, and from the whole gather the view which good conscience and equity ought to take of the case.”
 

 The particular breach of contract involved in this case relates only to appellants’ neglect or refusal to purchase appellee’s products for the entire term of the agreement. It is precisely to this breach alone that the provision for liquidated damages applies. A fair and careful reading of the contract supports no other construction. In the event of such a breach the elements of damages contemplated by the parties to the contract includes not only “the loss of profits to Company, and the loss in trade, which Company may suffer by reason of the failure of Dealer to continue purchasing Company’s products,” but also expenses incurred in “preliminary
 
 *31
 
 negotiations and services rendered leading up to the execution of this agreement, the expense incurred by Company in installing and removing its equipment, the depreciation thereof while used by Dealer :.....and any other indirect or uncertain damages to Company by reason of such default.”
 

 At the time the parties entered into the contract in question on October ,6,1939, they provided for a ¿specified sum of $100 to cover all contemplated damages resulting from a breach in the manner stated. While it is true that some of the elements of damage contemplated by the parties may, at the time of the formation of the contract, have been subject to accurate evaluation, it is equally true that others were not. Preliminary expenses and expenses involved in the installation and removal of equipment could no doubt have been accurately estimated at the time the agreement was entered into. However, loss of profits, loss in trade, and depreciation of the equipment were scarcely ascertainable-in advance with precise accuracy. The parties can not be held to have known in advance when, if at all, during the two year term of the contract, a breach would occur. The actual loss in profits and in trade was bound to diminish with the length of time performance under the contract was continued, and inversely with such loss the depreciation of equipment was likely to increase. From the face of the contract contemplating these variable elements of damages, it is evident that the harm likely to be caused by any breach during the term of the contract would be very difficult, if not incapable of accurate estimation.
 

 “The difficulty of measuring the damages which would result from a breach of contract is always an important element, if not a controlling one, in determining whether the intention of the parties was to fix a sum certain as the just amount to be recovered instead of leaving the question to the uncertain estimate of a jury:
 
 Powell v. Burroughs,
 
 54 Pa. 329;
 
 Wolf Creek Co. v. Schultz,
 
 71
 
 *32
 
 Pa. 180;
 
 Kelso v. Reid,
 
 145 Pa. 606. Generally, where the covenant is for the performance or the non-performance of a single act or of several acts, damages for the breach of which cannot be measured by any fixed standard, the sum named if reasonable in amount will be considered as liquidated damages:”
 
 Emery v. Boyle,
 
 200 Pa. 249, 253, 49 A. 779. See also,
 
 Vrooman v. Milgram,
 
 124 Pa. Superior Ct. 145, 188 A. 538. “If...... the actual damages are uncertain and difficult to ascertain or are of a purely speculative character, and the contract furnishes no data for their ascertainment, the provision will be held one for liquidated damages:”
 
 Lackawanna B. & G. Co. v. Lee Goal S. Co.,
 
 290 Pa. 561, 139 A. 315.
 

 The parties to the contract in question in the instant case fixed the sum of $100 in their preestimate of just compensation, and designated that amount “liquidated damages.” While the denomination so placed by the parties upon the amount specified, is not conclusive
 
 (Lackawanna B.
 
 &
 
 G. Co.
 
 v.
 
 Lee Coal S. Co.,
 
 supra), there is pothing on the face ¡of the .contract nor is there any testimony in the record to show,
 
 py
 
 way of contradiction, that the pm ¡So fixed was unconscionable or disproportionate to the net loss that would probably result from failure to complete performance of the contract. See
 
 Kunkel & Jordan v. Wherry,
 
 189 Pa. 198, 42 A. 112.
 

 It is our opinion that the clause of the contract in question providing for the payment of the spécified sum of $100, constitutes a provision for liquidated damages, and as such, is enforceable.
 

 Order affirmed.