## Abbotts Dairies, Inc., v. Schlosberg

626·

*Wisler, Pearlstine, Talone & Gerber*, for plaintiff.
*Wright, Mauck, Hawes & Spencer*, for defendant.

FORREST, J., January 12, 1950.—Plaintiff brought an action in assumpsit against defendant, claiming the sum of $100 as liquidated damages under an agreement entered into by the parties, the fifth paragraph of which reads as follows:

"5. Without prejudice to the assertion by the Company of any of its rights hereunder, the parties agree that the Customer shall pay to the Company the sum of One Hundred Dollars ($100.00) as liquidated damage to cover the expenses incurred by the Company in the installation and servicing of the said equipment in the event the Customer defaults or fails otherwise to comply with the terms of this Agreement."

This agreement further provided for the "loaning" of certain equipment by plaintiff to defendant for the preservation of frozen products purchased from plaintiff, in consideration of which defendant agreed to purchase all of his requirements of these products exclusively from plaintiff. It is alleged that defendant breached the agreement by not purchasing his "requirements" exclusively from plaintiff.

Defendant filed preliminary objections to the complaint on the following bases:

1. The damages claimed "constitute a penalty";

2. The "damages are subject to accurate evaluation" and

3. The "damages are harsh, unconscionable, excessive and disproportionate."

It should be noted that the damages are liquidated only "to cover the expenses incurred by the plaintiff in the installation and servicing of the said equipment". The recovery of this item would not preclude plaintiff from bringing an action for any other loss, this same paragraph providing that the collection of

this amount was "without prejudice to the assertion of the Company of any of its rights hereunder."

Section 339 of A. L. I. Restatement of the Law of Contracts states as follows:

"(1) An agreement, made in advance of breach, fixing the damages therefor, is not enforceable as a contract and does not affect the damages recoverable for the breach, unless

"(a) The amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and

"(b) the harm that is caused by the breach is one that is incapable or very difficult of accurate estimation."

This seems to be the correct pronouncement of the decisional law in this Commonwealth.

In Emery v. Boyle, 200 Pa. 249, 253 (1901), this court said:

"Generally where the covenant is for the performance or the non-performance of a single act or of several acts, *damages for the breach of which cannot be measured by any fixed standard, the sum named if reasonable in amount will be considered as liquidated damages.*" (Italics supplied.)

Paraphrasing the above excerpt from Emery v. Boyle, we have, generally, where the covenant is for the performance or non-performance of a single act or of several acts, damages for the breach of which can be measured by a fixed standard, or if the sum claimed is unreasonable in amount, it will be considered as a penalty, and not enforcible.

Although section 339 of A. L. I. Restatement of the Law of Contracts, supra, does not use the terms "liquidated damages" or "penalty", our appellate court decisions make the question whether the contract provides for "liquidated damages" or a "penalty" all important,

in deciding its enforcibility: Vrooman v. Milgram, 124 Pa. Superior Ct. 145, 147 (1936) :

" 'The question whether the amount stated in a conditional bond or contract is to be taken *as a penalty or a liquidation of damages* arising from a breach of the condition, is to be determined by the intention of the parties, drawn from the words of the whole contract, examined in the light of its subject matter and its surroundings; and that in this examination we must consider the relation which the sum stipulated bears to the extent of the injury which may be caused by the several breaches provided against, the ease or difficulty of measuring a breach of damages, and such other matters as are legally or necessarily inherent in the transaction': March v. Allabough, 103 Pa. 335, 341, 'The general principle upon which the law awards damages is compensation for the loss suffered. The amount may be fixed by the parties in advance, but where a lump sum is named by them *the court will always look into the question whether this is really liquidated damages or only a penalty*, the presumption being that it is the latter. The name by which it is called is but of slight weight, the controlling elements being the intent of the parties, and the special circumstances of the case.' "

"The *difficulty of measuring the damages* which would result from a breach of contract *is always an important element, if not a controlling one*; in determining whether the intention of the parties was to fix a sum certain as the just amount to be recovered instead of leaving the question to the uncertain estimate of a jury." (Italics supplied.)

The question arising, therefore, is whether it would be very difficult "to estimate accurately the expenses incurred . . . in the installation and servicing of the said equipment."

Although we are not bound by a finding of fact by either a common pleas court of another county or an appellate court of this Commonwealth, a certain amount of weight should be given to such a finding, everything else being equal. President Judge Henninger of the Common Pleas Court of Lehigh County said in interpreting the same Abbott's Dairies, Inc., contract in Abbotts Dairies, Inc., v. William Bucher, no. 71, April term, 1949:

"By 'installation and servicing' therefore, we understand the contract to refer to physical installation and mechanical servicing, rather than negotiations for a contract or arrangements for delivering frozen products. *It seems clear that such items are capable of exact evaluation.*" (Italics supplied.)

In Philadelphia Dairy Products Co., Inc., v. Polin et al., 147 Pa. Superior Ct. 26, in considering a similar contract, the court commented, page 31:

"Preliminary expenses and expenses involved in the installation and removal of equipment could no doubt have been accurately estimated at the time the agreement was entered into."

We agree that the expenses of such services could be estimated accurately by plaintiff, all the factors being within the knowledge of plaintiff.

As we have seen, there are two requirements of an enforcible contract in this regard, viz.: (1) The sum must be reasonable, and (2) the sum must be "very difficult of accurate estimation". It is also clear that they are in the conjunctive. Since the damages can be estimated to a reasonable degree of accuracy, the fixing of the sum of $100 as damages is unenforcible.

And now, January 12, 1950, judgment is here entered for defendant unless plaintiff shall plead over within 30 days from this date.