## Abbotts Dairies, Inc., v. Sherman et al.

*Windolph & Johnstone*, for plaintiff.
*Jacques H. Geisenberger*, for defendants.

SCHAEFFER, P. J., January 18, 1952.—Plaintiff filed its complaint in an action of assumpsit to recover the sum of $100 as liquidated damages under the provisions of a written contract between the parties for the installation and servicing of refrigerating equipment in defendants' premises. The fifth paragraph of the agreement provides as follows:

"Without prejudice to the assertion by the Company of any of its rights hereunder, the parties agree that the Customer shall pay to the Company the sum of One Hundred Dollars ($100.00) as liquidated damage to cover the expenses incurred by the Company in the installation and servicing of the said equipment in

event the Customer defaults or fails otherwise to comply with the terms of this Agreement."

The agreement further provides, inter alia, that the equipment was not to be removed by anyone except authorized representatives of the plaintiff and that defendants would purchase all of their ice cream and frozen products exclusively from plaintiff.

The complaint avers that defendants caused or permitted the equipment to be removed from their premises by persons other than plaintiff's authorized representatives without first giving 30 days' notice of intention to terminate the contract as provided for and, accordingly, plaintiff claims $100 because defendants "have defaulted and failed to comply with the terms of the contract." Defendants have filed five preliminary objections to the complaint.

The liquidated damages provided for are limited to the expense of the installation and servicing of the equipment "without prejudice to the assertion by the Company of any of its rights" under the written agreement. The reservation or qualification does not fix definitely in advance the compensation for damages which may be sustained for failure to comply with the terms of the contract. The sum of $100 might be considered reasonable compensation if it covered damages for any breach or all breaches of the agreement, which cannot be measured with certainty by any fixed standard. However, in the instant case, considering the relation which the sum stipulated bears to the extent of the injury which may be caused by the several breaches provided against and which are necessarily inherent in the transaction, the conclusion is warranted that the covenant containing the liquidated damages is not enforceable. This does not prevent recovery of such damages as may be sustained for breach or breaches of the written contract.

The identical clause involved in this case was passed upon in Abbotts Dairies, Inc., v. Schlosberg, 70 D. & C. 625 (1950) and Abbotts Dairies, Inc., v. Bucher, 23 Lehigh 206 (1949), in which the same conclusion was reached as in the instant case. These decisions were based largely upon the finding that the items of installation and servicing are capable of exact evaluation and that the specified sum of $100 is not an enforcible provision for liquidated damages.

Plaintiff relies largely upon Philadelphia Dairy Products Co., Inc., v. Polin et al., 147 Pa. Superior Ct. 26, which is distinguishable from the case at bar. The agreement provided for liquidated damages in the amount of $100. It covered damages for neglect or refusal to purchase or pay for ice cream; for preliminary negotiations; expenses incurred in installing and removing the equipment; the depreciation thereof while used by the dealer; the loss of profits and trade to the company and any other indirect or uncertain damages to the company by reason of such default. The court in its opinion said:

"In each case we must look at the language of the contract, the intention of the parties as gathered from all its provisions, the subject of the contract and its surroundings, the ease or difficulty of measuring the breach in damages, and the sum stipulated, and from the whole gather the view which good conscience and equity ought to take of the case.

"Preliminary expenses and expenses involved in the installation and removal of equipment could no doubt have been accurately estimated at the time the agreement was entered into. However, loss of profits, loss in trade, and depreciation of the equipment were scarcely ascertainable in advance with precise accuracy. . . .

"From the face of the contract contemplating these variable elements of damages, it is evident that the

harm likely to be caused by any breach during the term of the contract would be very difficult, if not incapable of accurate estimation."

And now, January 18, 1952, the court sustains the first, third and fourth preliminary objections and plaintiff is allowed to plead over within 20 days.