# Burr *versus* Todd.

*Suit on Bond.—Measure of Damages.—Penalty in Bond, when considered as Liquidated Damages.—Deed curing Defect in Title, admissible in Action on Bond to secure Consideration for Sale of Land.— Fraudulent Representation and Waiver of Condition, questions for the Jury.*

1. A bond in the sum of two thousand dollars, with condition that the obligor execute and deliver the deeds for certain lands described, in exchange for other lands conveyed to him by the obligee, is not to be regarded in the nature of stipulated damages, so that on breach, the penalty becomes the measure of damages.

2. In an action on the bond against the obligor therein for refusing to convey the lands in pursuance of the bargain of exchange, the measure of damages is the value of those lands at the time when they should have been conveyed to the obligee.

3. Where the obligor defendant set up a defect in the title of the land con-

[Burr v. Todd.]

veyed to him by the obligee plaintiff, at the time the bond was executed, a deed curing the defect complained of is admissible in evidence.

4. Where fraud and misrepresentation as to the quality of one tract of the land conveyed by the plaintiff was set up in defence, and there was evidence of an agreement on the part of the defendant to waive inspection of the land and take the risk of its quality upon himself, it was not error in the court to instruct the jury, that if they found that the plaintiff had fraudulently misrepresented his land, and defendant had not agreed to waive inspection and take the risk, they should find a verdict for the defendant; for the questions of fraud, of waiver, of false representations, and of the assumption of all risks as to the quality of the land, were for the jury.

Error to the Common Pleas of *Erie county.*

This was an action of debt brought, November 26th 1858, by Rufus R. Todd against Alanson Burr, on a bond dated September 13th 1858, executed by the defendant, in the sum of $2000, upon condition to be void if the obligor, his executors or administrators, should " well and truly make, execute, and deliver to Rufus R. Todd, within thirty days from the date thereof, or as soon as said Todd should call for and demand the same, good and sufficient warranty deeds of conveyance, free from encumbrance, the following pieces and parcels of land, viz., three and a half acres of land in Wayne township, Erie county, Pennsylvania, being the lot on which the said Burr now resides; also one and three-quarter acres near by same village, (Beaver Dam); also lot one acre in township of Concord, near railroad west of steam-mill. Also the said Burr is to make, execute, and deliver to said Todd an assignment of an article of agreement (that is, his right, title, and interest of and to the same) from Hiram Cook, for fifty acres of land situate in the township of Concord, which premises are to be conveyed and assigned to the said Todd *in payment or exchange for lands this day conveyed to the said Burr by the said Rufus Todd and wife,*" &c.

The lands conveyed to Burr by Todd and wife were situate in Darien, Genesee county, and Warren, New York, and had not been seen by Burr when the bond was executed. After seeing the Warren tract he returned home, and, on the ground that he had been deceived by Todd as to its value, refused to make and deliver the deeds mentioned in the bond, but made out deeds of the land which Todd had conveyed to him, and tendered them to him, who refused to receive them, and brought suit on the bond as above stated.

On the trial the plaintiff offered in evidence a deed from Thomas S. Christie to George M. Crane, for his interest in the fifty acre tract in Darien, Genesee county, New York, embraced in the contract of the parties for the purpose of curing any alleged defect in his title thereto, which was admitted by the court under exception for defendant.

The defendant requested the court to instruct the jury :—

[Burr *v.* Todd.]

1. If the jury believe, from the evidence, that the plaintiff represented to the defendant that the two hundred acres of land in Warren county was good, smooth face farming land, and suitable for farming purposes, and worth $5 per acre, and that these assertions and statements had a tendency to induce the defendant to give the bond now in suit in this case, and if those statements of the plaintiff were false and fraudulent, the whole contract is void, and the plaintiff cannot recover.

2. If the jury believe, from the evidence, that Todd made gross misrepresentations of the description as to the quality and value of the Warren county land, before and at the time of the making the contract, the same is void, and the plaintiff cannot recover in this case.

3. If the jury believe, from the evidence, that Todd, in the commencement of the bargain with Burr for an exchange of land, misrepresented description, quality, and value of the Warren county land, and that misrepresentation had a tendency to induce Burr to enter into the contract, the contract is void and cannot be enforced, notwithstanding Todd may have said at Darien there were some rocks on a part of the land, and not very smooth faced; the misrepresentations having done the designed work, are not cured by any subsequent modification falling short of the truth Todd may have made on the way to and at Darien.

4. If the jury believe, from the evidence, that Todd made false and fraudulent representations as to the quality and value of the Warren county land, the giving of the bond in suit, or possession in part of the Beaver Dam property by Burr, and the acceptance of the deeds from Todd to Burr, or any other act of Burr in consequence of such false representations, cannot affirm the contract.

5. The bond upon which the plaintiff has brought this suit being a penal bond to secure the performance of a collateral act, the conveyance by defendant to plaintiff of certain real estate in said bond described, the plaintiff is entitled to recover only nominal damages, if entitled to recover at all, having giving no evidence of any actual damage.

6. The plaintiff cannot recover in this case if the jury believe, from the evidence, that the consideration in part, of the bond on suit, was the conveyance of fifty acres of land in Darien, state of New York, by plaintiff to defendant, and that there was at the commencement of this suit, and still is an outstanding title to the whole or part of said land, and the deed from Thomas Christie to Crane, given in evidence by the plaintiff, is evidence of such outstanding title.

The court below charged the jury as follows :—

"To the first, second, third, and fourth points of the defendant

[Burr *v.* Todd.]

we answer, if the contract was as is claimed to be proven by the witnesses, Alanson Millard and Jonathan Hill, and corroborated by the evidence of Nathaniel Ames and E. R. Newton, and its validity was to depend on the condition that the Warren county land should prove equal to the recommendation, and this condition was not sustained by an inspection, nor waived nor abandoned by the defendant; [or if the plaintiff falsely and fraudulently represented the land to be good, smooth-faced farming land, well suited for farming purposes, and thereby having superior advantages and opportunities of knowledge, induced the defendant to enter into the contract, the law would be as stated in these points, unless the defendant afterwards expressly agreed to waive an inspection of the land, and take a risk of its quality upon himself.] If the bond was given by Burr, and the deeds executed and delivered by Todd, merely as steps in the progress of carrying out the original verbal contract, still reserving the ultimate consummation of the contract for a future time, and holding it dependent on the original condition that the Warren land should turn out such as recommended, then the defendant has still a right to rescind the contract, if the Warren land fails to meet the recommendation in some essential particulars.

"If the defendant did not at any time waive his right to inspect the Warren county land, and to accept or refuse it, as it agreed with or differed from the recommendation, provided that was the bargain, and did not agree to take on himself the risk of its quality, he has a right to refuse a compliance with the condition of his bond and rescind the contract, so long as it is executory, and anything remains to be done to consummate it, provided you are satisfied the land is not such as Todd recommended it to be in some material respect. With this explanation we answer these points in the affirmative.

"To the fifth point we answer we do not so understand the law. The defendant's bond, given in evidence, binds him to pay to the plaintiff the sum of $2000, to be released on condition he will execute certain conveyances therein described to the plaintiff within a time specified. This he has refused to do, and offers reasons why he should be excused. He takes the risk of their sufficiency. If not sufficient, the plaintiff is entitled to his $2000, unless the defendant shows the damages to the plaintiff, in consequence of his non-performance of the condition of his bond, is less than that sum. The burthen of proving them less was on the defendant. This he has not done, and if entitled to recover at all, the plaintiff is entitled to a verdict for the sum named in his bond.

"We cannot answer the sixth point as requested, because the evidence does not sustain it. The only evidence we had in the cause of defect in the title to the Darien land was by parol and

5 W<small>R</small>.—14

[Burr *v.* Todd.]

incidental. Baxter Gilbert informed the defendant that by an examination of the recorded title, made the March before this trade, he had discovered a little defect in it. That the land had been purchased from Christie's heirs, and one of the boys, being a minor at that time, had not signed the deed to George Crane. That Thomas Christie was the heir who had not executed the deed given by the heirs to Crane. In conversation about the title Todd admitted this to be so, but said he would get that fixed up. A deed from Thomas Christie to George Crane has been given in evidence, which we regard as sufficient to cure all the defect in the title to that piece of land that has been disclosed on the trial."

Under these instructions there was a verdict and judgment in favour of plaintiff; whereupon the defendant sued out this writ, and assigned for error here that portion of the answer to the first, second, third, and fourth points, which is enclosed in brackets above; the admission in evidence of the deed from Christie to Crane; and the answer given to defendant's fifth and sixth points.

*James C. Marshall* and *George H. Cutler*, for plaintiff in error, argued:—1. That as the deed from Christie to Crane was unaccompanied with any evidence to connect that title with Todd's, and as plaintiff in error had given no evidence from whom Todd derived title, it was improperly admitted.

2. The qualification contained in a portion of the answer to our 1st, 2d, 3d, and 4th points was erroneous. The points are predicated on the fraud on the part of the plaintiff below in knowingly, wilfully, falsely, and fraudulently misrepresenting the quality of the land in Warren county, and that Burr acted upon Todd's statements in giving the bond. There could be no waiver by Burr short of an actual inspection of the land. The charge of the learned judge was strictly in accordance with the law had he omitted the qualifying part, which, however, upset the whole of his answers to those points. Because one witness testified that, while the parties were at Genesee county, Burr said the farm of fifty acres there was full better than Todd had recommended it, and *that he would take the Warren county land at his own risk*, the jury unquestionably took that evidence as a waiver, and on that found a verdict for the plaintiff, whereas if the court had answered the points as it did, leaving out the qualifying part, the verdict in our opinion would have been for the defendant below. Wherever there is a gross misrepresentation of facts, relative to the subject-matter of the contract, the contract is fraudulent and *void*, and cannot be confirmed: Cochran *v.* Cummins, 4 Dal. 250; Duncan *v.* McCullough, 4 S. & R. 483; Chamberlain *v.* McClury, 8 W. & S. 36; Jackson *v.* Summer-

[Burr v. Todd.]

ville, 1 Harris 659; Spalding v. Hedges, 2 Barr 240; Addison on Contracts 133.

3. As to the rule of damages in case the plaintiff below was entitled to recover, we apprehend the court was in error. Stipulated damages can only be where there is a *clear, unequivocal agreement*, which stipulates for the payment of a certain sum as a liquidated satisfaction, *fixed* and agreed upon between the parties for the doing or not doing certain acts particularly expressed in the agreement: Robeson v. Whitesides, 16 S. & R. 322; Thornton v. Bonham, 2 Barr 102; Cox v. Henry, 8 Casey 18; Robinson v. Bakewell, 1 Id. 424; Dennis v. Cummins, 3 Johns. Ch. 297; Gray v. Crosby, 18 Johns. R. 219; Spencer v. Tilden, 5 Cow. 144; Hoag v. McGinnis, 22 Wend. 163; Shiell v. McNitt, 9 Paige 101; Spear v. Smith, 1 Den. 464. Inasmuch as the plaintiff below gave no evidence as to the value of the land conveyed by him to the defendant below, nor of the land described in the condition of the bond, he could only recover nominal damage, having proved no actual damages, and the court below was in error in *virtually* instructing the jury that the $2000 mentioned in the bond were *liquidated* damages.

4. The sixth point presents the question of defect in the title of the fifty acres of land conveyed by plaintiff below to defendant, and which formed a part of the consideration of the bond in suit. The learned judge below refused to answer the point as requested, because, he said, the evidence did not sustain it; but in his answer shows that there was evidence in the case that there was a defect in the title at the time of the trade between plaintiff and defendant; that the plaintiff below agreed to have that defect remedied. Where is the evidence in the case it was ever perfected? The court would intimate it was in the deed from Thomas S. Christie to George Crane, and is the same deed given in evidence under our bill of exceptions. How does that help the case? There is not a spark of evidence in the case that Todd's title was in *any way connected* with George Crane's title. That deed showed most clearly an outstanding title to this land in Crane. If Crane ever conveyed to Todd it was for them to show it. The parol evidence showed an outstanding interest in Christie, and that interest, whatever it was, was conveyed to Crane, and there it stopped.

*John H. Walker* and *William A. Galbraith*, for defendants in error.—The main controversy in this case was as to *where* and *when* the bargain was made, and *what* it was. The evidence showed that it was made in New York, when Burr was there to examine the Darien farm, during the 11th, 12th, and 13th of September 1858, and that there was no fraud or colour of fraud in it.

[Burr *v.* Todd.]

1. The deed from Christie to Crane was properly admitted. The cross-examination of Gilbert, one of the witnesses, brought out the fact that the witness had informed Burr that Todd had purchased from Crane, and Crane from Christie's heirs, one of whom (Thomas S. Christie) was a minor. The bargain between Burr and Todd having been made September 13th 1858, there was no error in allowing the plaintiff to give in evidence a deed curing this defect, even though it was executed and acknowledged after the bargain between Burr and Todd was completed.

2. The answer to the first four points of defendant must be taken together, in order to determine whether or not there was error, and in this view it was as favourable as plaintiffs in error could ask. It was to the effect that plaintiff could not recover if the validity of the contract depended upon whether the Warren lands were equal to his recommendation, unless the land answered the recommendation, or the condition was waived or abandoned by the defendant.

The cases in 4 Dallas 250; 4 S. & R. 483; 8 W. & S. 36; 1 Harris 369; 2 Barr 240, and Addison on Cont. 133, cited by plaintiff in error, apply to cases essentially different from this.

3. As to the measure of damages: The plaintiff in error calls the sum named in the bond a *penalty*. It is not so in the sense usually applied to bonds conditioned for the payment of a smaller sum of money, such as $2000, conditioned for the payment of $1000. It is a contract to execute certain deeds or pay $2000. The defendant, in the court below, might have shown that the land was worth less than $2000. He did not attempt it, but rested his defence on other grounds. It was not a penalty in the sense of either the cases cited by the plaintiff in error. This case does not present a question of damages, but simply a construction of the agreement of the parties, in which the courts must be governed, not by their view of the policy or propriety of the bargain, but by the intention of the parties. Todd did not surely agree to deed his land to Burr, and receive therefor a nominal sum. The contract was one in which a court of equity would decree a specific performance.

The opinion of the court was delivered, January 6th 1862, by

WOODWARD, J.—The only error we detect in this record is found in the answer of the court to the defendant's 5th point, touching the measure of damages.

The bond in suit is a penal bond, conditioned for the conveyance of certain titles. It is impossible to regard it as a liquidation of damages for breach of condition. There is not a word in it to import an agreement of the parties to that effect. The reasons assigned in Robeson *v.* Whitesides, 16 S. & R. 320, for not treating a similar bond as an agreement for liquidation of

[Burr v. Todd.]

damages, apply with all their force to this bond. The distinction between a penal bond and stipulated damages cannot be better stated than it is in that case. In Robinson v. Bakewell, 1 Casey 424, nobody suggested that the penalty of the bond was a liquidation of damages. In Gray v. Crosby, 18 Johns. Rep. 219, there was an express agreement for stipulated damages in $500, but the actual damages were ascertained at $310, and the court compelled the plaintiff to accept the latter sum, and refused him the other. So averse is the law to compensating a disappointed purchaser beyond the actual injury he has sustained.

If, instead of being what it is, a penal bond with collateral condition, the instrument in suit had been a covenant of warranty in an executed conveyance, the measure of damages, after eviction, would have been the consideration paid and interest thereon, or if a covenant for further assurance, the damages for refusal to execute the further assurance would be nominal, unless the plaintiff should prove actual damages sustained: Rawle's Cov. Tit. 202, 319.

But this is an action on an executory contract, for refusing to convey land in pursuance of a bargain of exchange, and, the plaintiff having executed his part of the bargain, it is the same as a refusal to convey after payment of purchase-money. In such cases the measure of damages is the value of the land at the time it ought to have been conveyed: Cox's Administrators v. Henry, 8 Casey 18, and the cases cited. In McClowry v. Croghan's Administrators, 1 Grant's Cases 307, this subject was greatly discussed upon the authorities, and it was held by Judge Williams, of the District Court of Allegheny county, that the breach of a contract to lease is the same as a breach of a contract to sell land, and that the measure of damages in such a case is the price paid for the lease and its interest, and not the value of the bargain.

The price paid for land, whether upon lease or sale, is the value of it as between the contracting parties, so that Judge Williams's ruling was not inconsistent with the doctrine of the case in 8 Casey. That the same rule prevails in respect to parol contracts was abundantly shown in Malaun v. Ammon, 1 Grant's Cases 123, afterwards approved by the whole court in Hertzogg v. Hertzogg, 10 Casey 418, and Dumars v. Miller, Id. 319.

The learned judge, when he held the obligee entitled to receive the titles stipulated for, or the penalty of the bond, construed the bond more strictly than real contracts will bear to be construed. What the obligee was entitled to receive was the stipulated titles, or their value. And their value was to be estimated as the parties estimated it in the bargain of exchange. In other words, the value of that which the plaintiff was to receive is to be measured by the value of that which he gave.

[Burr *v.* Todd.]

In regard to the admission of the deed from Thomas S. Christie to George Crane, we are inclined to believe, from the very unsatisfactory statements of the paper-books, there was no error. It is nowhere explained that Todd claimed title under Crane, but we conjecture that such was the fact. If such were the fact, it was very competent to show the only defect in Crane's title cured by the Christie deed, and that deed would cure it, for it enured to the benefit of Todd and his alienee. If, however, Todd did not claim under Crane, the evidence would seem to be irrelevant. The paper-books are very full of evidence touching the bargain between Todd and Burr, but as they do not exhibit the derivation of Todd's title, we will assume it to be as the court must have understood it when they admitted the Christie deed. We consequently see no error in admitting the deed.

As to the evidence of the fraud practised on Burr, we think the court submitted it fairly to the jury. They could not omit the qualification in regard to the waiver of inspection of the land, for it was in the evidence. Whether it was a waiver of false representations, and an assumption of all risks of the quality of the Warren county land, were questions for the jury.

We see nothing in the case that calls for reversal, except the instructions on the measure of damages.

> The judgment is reversed, and a *venire facias de novo* is awarded.