# Keck v. Bieber, Appellant.

148  645
164   41
148  645
189  201
148  645
†194  65
148  645
200  253
148      645
30 SC ³601

*Contract—Penalty—Liquidated damages—Numerous covenants.*

The presumption is that a lump sum named by the parties to a contract is a penalty rather than liquidated damages; the name by which it is called is of slight weight, the controlling elements being the intent of the parties, and the special circumstances of the case. Where there are numerous covenants of the most varied kinds and importance, and yet the sum named is payable for the breach of any, even the least, it is a penalty.

*Indemnity bond—Damages, when not limited to amount named in bond.*

It seems, that, on a covenant by an assignee of a mining lease, to indemnify the assignor against claims of a third party and against damages to the neighbors by the operation of washing, the recovery will not be limited to the amount named in the bond which contains the covenant.

*Indemnity on forfeited lease—Recovery in one or many suits.*

It seems, that where an assignee of a mining lease has allowed it to become forfeited and thus disabled himself absolutely and permanently from performance of his covenants contained in a bond given to his assignor, the assignor may sue from time to time for royalties due and other damages, or treat the contract as rescinded, and claim damages in one action for the entire breach.

Argued Feb. 4, 1892. Appeal, No. 162, Jan. T., 1892, by defendant, Sylvester Beiber, from judgment of C. P. Lehigh Co., April T., 1890, No. 8, on verdict for plaintiff, Emeline C. Keck. Before PAXSON, C. J., GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on bond of indemnity for $2,000.

The bond recited that Martin Kemerer had granted a lease to the plaintiff for mining ore on certain land, which lease was a duplicate and continuation of a similar lease to William Keck; that William Keck granted to Charles Neiser certain mining rights under said lease; and that defendant had taken an assignment of said lease and plaintiff, at his request, had terminated the right of said Neiser. The assignment of lease by plaintiff to defendant was executed by both parties under seal; and thereby the defendant agreed, inter alia, to pay to the plaintiff a sum per ton of ore mined, varying with the price of the ore. The defendant allowed the lease to be forfeited. The conditions of the bond are stated in the opinion of the Supreme Court.

The defendant's fourth point, negatived, is stated in the opinion.

The verdict was for the plaintiff in the sum of $2,000.

*Error assigned*, among others, was not affirming defendant's fourth point, quoting it.

*Edward Harvey* and *James S. Biery*, for appellant.

*C. J. Erdman*, *R. E. Wright's Sons* with him, for appellee.

OPINION BY MR. JUSTICE MITCHELL, May 2, 1892:

The general principle upon which the law awards damages is compensation for the loss suffered. The amount may be fixed by the parties in advance, but where a lump sum is named by them the court will always look into the question whether this is really liquidated damages or only a penalty, the presumption being that it is the latter. The name by which it is called is but of slight weight, the controlling elements being the intent of the parties, and the special circumstances of the case. The subject has always presented difficulties in the formulation of a general rule, and especially in its application. The books are full of inharmonious decisions. In no state however have the difficulties been more successfully minimized than in Pennsylvania, and in no case that I have seen is there a better generalization than that by AGNEW, J., in Streeper v. Williams, 48 Pa. 450, "in each case we must look at the language of the contract, the intention of the parties as gathered from all its provisions, the subject of the contract and its surroundings, the ease or difficulty of measuring the breach in damages, and the sum stipulated, and from the whole, gather the view which good conscience and equity ought to take of the case." The only criticism to which this would seem to be fairly open, is that it does not perhaps give sufficient prominence to the intention of the parties as the controlling element, and it should therefore be read in connection with the restatement of it, by our late brother CLARK in March v. Allabough, 103 Pa. 335: "The question . . . . is to be determined by the intention of the parties, drawn from the words of the whole contract, examined in the light of its subject-matter and its surroundings; and in this examination we must consider the relation which the sum stipulated bears to the extent of the injury which may be caused by the several breaches provided against, the ease or

difficulty of measuring a breach in damages, and such other matters as are legally or necessarily inherent in the transaction."

The intent of the parties being therefore the principal object of ascertainment, Greenleaf lays down certain rules as the result of the cases, and among them, that the sum is to be taken as a penalty " where the agreement contains several matters of different degrees of importance, and yet the sum named is payable for the breach of any, even the least: " 2 Gr. Ev., § 258. This rule is approved in Shreve v. Brereton, 51 Pa. 175, and the present case falls exactly within it.   The conditions of the appellant's bond are two: first, he is to " save, defend, keep harmless, and indemnify the said Emelina C. Keck " from liability by reason of the assignment to him over the head of Neiser, and the termination of the latter's mining rights.   This is clearly a covenant for indemnity only, and as no breach was assigned, need not be further discussed.   But secondly he is to pay the royalty accruing in the future, and " keep and perform all the covenants, conditions and stipulations of the said lease and assignment."   Turning now to the lease, we find that plaintiff's covenants with Kemmerer, which appellant thus bound himself to keep and perform, were to save harmless and indemnify him against all costs and damages to his neighbors from the washing of the ore, to run the water in such places as the lessor should order, to pay a stipulated royalty, to fill up holes made and left in the search for ore, to produce or pay royalty upon a minimum of 1000 tons a year, " to use the old wagon road for hauling said iron ore, and in case there are gates or bars on said road . . . . to keep said gates and bars in repair . . . . and keep them shut when through," etc.   The assignment adds to these, a covenant to pay plaintiff, the assignor, an additional royalty upon a sliding scale of the price of ore per ton.   No better illustration of the propriety of the rule referred to could be stated.   Here are numerous covenants of the most varied kinds and importance.   The covenants to indemnify against claims by Neiser, and against damages to the neighbors by the operation of washing are undertakings which may be of serious magnitude, and under Dick v. Gaskill, 2 Whart. 184, Shreve v. Brereton, 51 Pa. 175, Moore v. Colt, 127 Pa. 289, and similar cases, the recovery for a breach would probably not be limited by the sum named in the bond.   On the other hand the

covenants to fill up the holes made in prospecting for ore, and to keep the gates on the old wagon road in repair and shut, are against such trivial inconveniences that it would savor of absurdity to suppose that the parties meant to stipulate for $2,000 damages for the breach of any one of them.

We are therefore of opinion that defendant's 4th point, that the contract of the parties was for a penalty, should have been affirmed. It will not follow however, as appellee seems to fear, that her recovery must be limited to the loss of the royalty due her at the time of bringing suit, and that she must bring repeated suits for future failures to pay. The defendant has by his acts, disabled himself absolutely and permanently from performance of his covenants. Under such circumstances the plaintiff may sue on the contract from time to time for the royalties due, and for such other damages as she may suffer, or she may at her election treat the contract as rescinded and claim damages in one action for the entire breach.

Judgment reversed, and venire de novo awarded.