## Herman F. Kunkel and Conrad Jordan, trading as Kunkel & Jordan, v. James Wherry, Appellant.

*Contract—Penalty—Liquidated damages.*

The rule that in actions ex contractu where the breach of an agreement admits of compensation the recovery may be limited to the loss actually sustained, notwithstanding a stipulation for a penalty, is founded upon the principle that one party should not be allowed to profit by the default of the other, and that compensation and not forfeiture is the equitable rule. Equity will regard a penalty or forfeiture as intended to secure the fulfilment of a contract, and it may preclude the injured party from recovering more than a just compensation or from obtaining a collateral advantage.

The general principle upon which the law awards damages is compensation for the loss suffered. The amount may be fixed by the parties in advance, but where a lump sum is named by them the court will always look into the question whether this is really liquidated damages or only a penalty, the presumption being that it is the latter. The name by which it is called is of but slight weight, the controlling elements being the intent of the parties and the special circumstances of the case.

Uncertainty as to the extent of the injuries which may ensue is a criterion by which to determine whether it is a case of liquidated damages or a penalty.

Defendant was the contractor for the construction of a building which he was required to complete within eleven months. By the terms of his contract with the owner he was to receive $100 for each day less than the time limit, and to pay $1,000 for each day that he should exceed it in the completion of the work. He entered into a contract with the plaintiffs for the stone and granite work. They agreed to furnish the materials and to finish the work to the top of the second story ready for the bricklayers in six weeks' time after three stories of iron work had been erected, and bound themselves " to pay the sum of one hundred and fifty dollars per day as a penalty for each and every day thereafter that the said work remains unfinished, as and for liquidated damages." *Held*, that the stipulation in the plaintiff's contract should be regarded as liquidated damages, and not as a penalty.

Argued Nov. 9, 1898. Appeal, No. 175, Oct. T., 1898, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1896, No. 255, on verdict for plaintiffs. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit on a contract. Before COLLIER, J.
The facts appear by the opinion of the Supreme Court.

The court charged in part as follows:
[You observe, in my instructions, I have said nothing about the agreement for the forfeiture of $150 a day. I am of the opinion, from all the evidence in the case, that that forfeiture of $150 a day, although it says penalty in liquidated damages in the bond, was not in the nature of an absolute forfeiture; that under no circumstances were the plaintiffs to pay the actual $150, but were only to pay such damages as the defendant could show under that clause. My reasons for that are, that taking the whole testimony and the contract and everything that was done, the penalty is the actual damages that were

sustained; that is, as I have told you, you take the actual damages you find sustained by reason of any delay and you give him that.] [5]

Defendant's third point and the answer thereto were as follows:

If the plaintiffs failed to complete the granite work within the time required by their contract, without fault on the part of the defendant, then the jury should deduct from the plaintiffs' claim $150 a day as stipulated damages for each day the plaintiffs exceeded the time limit of their contract. *Answer :* Refused. [7]

Verdict and judgment for plaintiffs for $3,395. Defendant appealed.

*Errors assigned* among others were (5, 7) above instructions, quoting them.

*R. A. Balph,* with him *James Balph,* for appellant.—In the case before the court the language of the contract is, " forfeit and pay as stipulated damages the sum of $150 per day." The subject of the contract and its surroundings would seem to indicate the parties intended just what they said, stipulated damages: Streeper v. Williams, 48 Pa. 450; Wallis Iron Works v. Monmouth Park Assn., 55 N. J. L. 132; Tennessee Mfg. Co. v. James, 91 Tenn. 154; Tode v. Gross, 127 N. Y. 480; Wilhelm v. Eaves, 21 Oregon, 194; Condon v. Kemper, 47 Kansas, 126.

*E. G. Ferguson,* with him *J. S. Ferguson,* for appellees.—The general principle upon which the law awards damages is compensation for the loss suffered: Keck v. Bieber, 148 Pa. 645 Shreve v. Brereton, 51 Pa. 175.

OPINION BY MR. JUSTICE FELL, January 2, 1899:

The defendant was the contractor for the construction of a large ten-story building which he was required to complete in eleven months. By the terms of his contract with the owner he was to receive $100 for each day less than the time limit, and to pay $1,000 for each day that he should exceed it in the completion of the work. He entered into a contract with

the plaintiffs for the stone and granite work. They agreed to furnish the materials and to finish the work to the top of the second story ready for the bricklayers in six weeks' time after three stories of iron work had been erected, and bound themselves "to pay the sum of $150 per day as a penalty for each and every day thereafter that the said work remains unfinished, as and for liquidated damages."

The learned judge held that this stipulation should be regarded as a penalty, and not as liquidated damages, and that the defendant could set off against the plaintiffs' claim such damages only as he proved to have been actually sustained by him because of the delay of the plaintiffs in completing the work.

The rule that in actions ex contractu, where the breach of an agreement admits of compensation, the recovery may be limited to the loss actually sustained, notwithstanding a stipulation for a penalty, is founded upon the principle that one party should not be allowed to profit by the default of the other, and that compensation and not forfeiture is the equitable rule. Equity will regard a penalty or forfeiture as intended to secure the fulfilment of a contract, and it may preclude the injured party from recovering more than a just compensation, or from obtaining a collateral advantage: Notes to Peachy v. Duke of Somerset, 2 Lead. Cas. Eq. 2044; Bispham's Eq. 178. Whether a sum named as compensation for the breach of a contract is to be considered as a penalty to secure its fulfilment, from which equity will relieve, or as damages liquidated by the parties themselves, is a question which cannot be answered by the application of any general rule. The question is always one of construction, and any rule upon the subject is a mere guide to the intention of the parties. The grounds on which each case is to be considered and determined are clearly stated by our Brother MITCHELL in Keck v. Bieber, 148 Pa. 645: "The general principle upon which the law awards damages is compensation for the loss suffered. The amount may be fixed by the parties in advance, but where a lump sum is named by them, the court will always look into the question whether this is really liquidated damages or only a penalty, the presumption being that it is the latter. The name by which it is called is of but slight weight, the controlling elements being

the intent of the parties and the special circumstances of the case." And he quotes with approval March v. Allabough, 103 Pa. 335: "The question . . . . is to be determined by the intention of the parties drawn from the words of the whole contract, examined in the light of its subject-matter and its surroundings; and in this examination we must consider the relation which the sum stipulated bears to the injury which may be caused by the several breaches provided against, the ease or difficulty of measuring a breach in damages and such other matters as are legally or necessarily inherent in the transaction."

From the nature of this case the actual damages which would result from a breach of the contract would not readily be susceptible of ascertainment, and it seems to us that it was the manifest intention of the parties not to leave them to the uncertain estimate of a jury, but to fix them by express agreement. "Uncertainty as to the extent of the injuries which may ensue," was said in Powell v. Burroughs, 54 Pa. 329, and Wolf Creek Co. v. Schultz, 71 Pa. 180, "to be a criterion by which to determine whether it is a case of liquidated damages or a penalty." The damages named were for the breach of a single stipulation, and were not disproportionate to the loss which would probably result to the defendant from the failure of the plaintiffs to complete their work in time.

The fifth and seventh assignments of error are sustained, and the judgment is reversed with a venire facias de novo.