# Gottschall *v.* Kapp, Appellant.

*Contract — Principal and agent — Covenant — Damages — Liquidated damages or penalty.*

1. Where an agent by a written contract with his principal secures an absolute control of the sales of the principal's product within a large territory for a period of five years, and agrees that at the end of his period of employment he will surrender the route books of the territory to his principal, and agrees in his contract that if he failed in the performance of any of his covenants that his principal shall enter judgment against him in the sum of $1,000 "as liquidated damages," the court will construe the damages named as liquidated damages and not as a penalty, and will sustain a judgment entered against the agent for $1,000 because of his refusal to surrender the route books to the principal.

2. Where a covenant in a contract is for the performance or the nonperformance of a single act or of several acts, damages for the breach of which cannot be measured by any fixed standard, the sum named, if reasonable in amount, will generally be considered as liquidated damages.

3. Where a contract consists of several important stipulations, and damages cannot be adequately assessed for a breach of any of the stipulations, the court (except no doubt, in case of great disproportion between the stipulated sum and the actual loss) will enforce the payment of the stipulated sum as liquidated damages.

Argued Dec. 7, 1910. Appeal, No. 54, Oct. T., 1910, by defendant, from judgment of C. P. Lehigh Co., June Term, 1908, No. 1,975, on case tried by the court without a jury in suit of A. H. Gottschall v. Samuel S. Kapp. Before RICE, P. J., HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

Issue to determine the validity of a judgment. Before TREXLER, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment for plaintiff for $1,050. Defendant appealed.

*Error assigned* was in entering judgment for plaintiff..

*Frank Jacobs*, with him *Edward Harvey*, for appellant.—
We submit that the amount of $1,000, stipulated in the
agreement, must be held to be a penalty. The presump-
tion is that it is a penalty: Keck v. Bieber, 148 Pa. 645;
March v. Allabough, 103 Pa. 335; Wilkinson v. Colley,
164 Pa. 35; Clements v. R. R. Co., 132 Pa. 445; Streeper
v. Williams, 48 Pa. 450; Shreve v. Brereton, 51 Pa. 175;
Emery v. Boyle, 200 Pa. 249; Moore v. Colt, 127 Pa. 289.

*W. W. Porter* of *Porter, Foulkrod & McCullagh*, with
him *W. LaMotte Gillette*, for appellee.—The amount
named in the contract was liquidated damages: Emery
v. Boyle, 200 Pa. 249; Kunkel v. Wherry, 189 Pa. 198;
Burgoon v. Johnson, 194 Pa. 61; Stover v. Spielman, 1
Pa. Superior Ct. 526; Kelso v. Reid, 145 Pa. 606; Worrell
v. Hurtig, 11 Pa. Dist. Rep. 788; Mellott Heating Co. v.
Mellott, 50 Pitts. L. J. 371; Powell v. Burroughs, 54 Pa.
329; Miller v. Rankin, 11 Atl. Repr. 615; Wilson v. Horst-
man, 2 Phila. 296; Faunce v. Burke, 16 Pa. 469.

OPINION BY PORTER, J., June 13, 1911:

The plaintiff is a manufacturer of medicinal remedies
which are marketed through agents appointed by him for
that purpose. To each of said agents an exclusive terri-
tory is allotted. The method adopted by the plaintiff for
the purpose of marketing his output placed the responsi-
bility for all sales and collections upon the agent in charge
of each allotted territory, and gave to that agent the
entire control of such business, subject only to the regu-
lations provided by the contract between the plaintiff and
the agent. The agent thus obtained knowledge of every
purchaser of the products of plaintiff within his terri-
tory, had in his possession the route books of plaintiff,
containing the names, addresses and accounts of all such
purchasers within the district of which he had control.
The plaintiff entered into a contract for the sale of his
products through the defendant, which gave the latter
exclusive control of such sales in territory of considerable

extent in the states of Pennsylvania and New Jersey, including several cities, for the period of five years. Under the provisions of this contract the defendant entered into covenants to engage faithfully in the sale of plaintiff's remedies for five years unless otherwise mutually agreed upon between the parties; to always sell the remedies at a price specified in the contract and sell only in the territory designated; that he would not sell any interest in said route or good will or employ any other person to transact the business in the territory allotted to him without the written permission of the plaintiff; that promptly upon the date of the expiration of the agreement or its termination at an earlier date by agreement of the parties he would secure a person acceptable to the said party of the first part, to work the route and turn over to said party the route books and good will of the business; and in case he violated any of the provisions of this contract he authorized the plaintiff "to enter upon the route and so claim or take possession, and to this end the said party of the second part agrees to deliver, on demand, all the books pertaining to the route to the said party of the first part for that purpose." The contract contained this covenant upon the part of the defendant, "And for. the true and faithful performance of each and all the covenants and agreements herein mentioned on the part of the party of the second part, he binds himself unto the said party of the first part in the sum of one thousand dollars as liquidated damages to be paid to him, the said A. H. Gottschall, in case the said party of the second part violates any of the provisions of this agreement, and further, he hereby confesses judgment for the above sum, and authorizes and empowers any attorney of any court of record of Pennsylvania, or elsewhere, to appear for and enter judgment against him for the above sum," etc. The defendant acted as the agent of the plaintiff, in accordance with the provisions of the contract, during the period of five years provided for by the instrument, but having failed upon the expiration of the agreement to

provide a person acceptable to the plaintiff to take charge of and work the route, the plaintiff demanded of him all the books pertaining to the route, which the defendant refused to deliver. The plaintiff thereupon caused judgment to be entered against the defendant in the sum of $1,000, under the warrant of attorney contained in the contract. The defendant moved to open this judgment and by agreement of the parties the judgment was opened and the case tried before the judge of the court below, without the intervention of a jury. The court below held that the stipulation in the contract that the defendant should pay to the plaintiff the sum of $1,000 in case of a breach of his covenants must be treated as a liquidation of the damages and accordingly entered judgment against the defendant, who appeals from that judgment.

The contention of the defendant is that the stipulation by him for the payment of $1,000, in case of a violation of his covenants, must be treated as a penalty. Where a lump sum is named by the parties to a contract as damages to be paid in case of its breach, the court will always look into the question whether it is really liquidated damages or only a penalty, the presumption being that it is the latter. The name by which it is called is not conclusive, the controlling elements being the intention of the parties and the special circumstances of the case. "The question . . . . is to be determined by the intention of the parties, drawn from the words of the whole contract, examined in the light of its subject-matter and its whole surroundings; and in the examination we must consider the relation which the sum stipulated bears to the extent of the injury which may be caused by the several breaches provided against, the ease or difficulty of measuring a breach in damages and such other matters as are legally or necessarily inherent in the transaction:" March v. Allabough, 103 Pa. 335; Keck v. Bieber, 148 Pa. 645. "The difficulty of measuring the damages which would result from a breach of contract is always an important element, if not a controlling one, in determining

whether the intention of the parties was to fix a certain
sum as the just amount to be recovered instead of leaving
the question to the uncertain estimate of a jury. Gener-
ally, where the covenant is for the performance or the
nonperformance of a single act or of several acts, damages
for the breach of which cannot be measured by any fixed
standard, the sum named if reasonable in amount will be
considered as liquidated damages:" Emery v. Boyle, 200
Pa. 249; York v. York Rys. Co., 229 Pa. 236.

The covenants contained in the agreement into which
the defendant entered were sustained by sufficient consid-
eration; the defendant obtained an absolute control of the
sales of the plaintiff's product within a large territory.
The plaintiff not only agreed that he would not himself
sell within that territory, but stipulated that none of his
agents should sell therein, and the control of defendant
over this territory was to continue, and did continue, for
five years. The covenant that the defendant should sell
only at a price fixed and within the territory designated
was intended to preserve to each agent his exclusive
rights within his own territory, and to prevent the agents
of the plaintiff from injuring his business by competition
with each other. The covenant not to sell any interest in
the route or good will or employ another person to trans-
act the business without the permission of the plaintiff,
was to secure the plaintiff against the intrusion into his
business of any person not to him acceptable, such as one
who might be seeking knowledge of the business for the
purpose of assisting a competitor. The covenant to pro-
cure a person acceptable to the plaintiff to take up and
carry on the work upon the expiration of the contract
of the defendant, or upon failure to do so to deliver up
the route books in order that the plaintiff might take
possession of the route, was intended to preserve to the
plaintiff the advantage of the good-will of his own busi-
ness. These route books were the only source from which
exact information could be obtained as to the addresses of
the purchasers of the plaintiff's products. From the na-

ture of this case the actual damages which would result from a breach of the contract would not readily be susceptible of ascertainment; this was no doubt the reason why the parties by express agreement liquidated a fixed sum as damages for the breach of the covenants and did not leave them to the uncertain estimate of a jury. Under these circumstances the parties contracted and their agreement leaves no room for doubt as to its meaning. There is nothing ambiguous about it. It is clear and distinct in all its provisions and the sum for which judgment was to be confessed in case of violation is "One thousand dollars, as liquidated damages to be paid to him, the said A. H. Gottschall." We cannot say that the damages named for the breach were disproportionate to the loss which would probably result to the plaintiff from the failure of the defendant to perform his covenants, and must, therefore, construe the contract as having liquidated the damages arising from its breach: Kunkel & Jordan v. Wherry, 189 Pa. 198.

The fact that there are a number of stipulations of different degrees of importance does not vary the rule, if the measure of damages for all of them is uncertain. "Where a contract consists of several important stipulations, and damages cannot be adequately assessed for a breach of any of the stipulations, the court (except no doubt, in case of great disproportion between the stipulated sum and the actual loss) will enforce the payment of the stipulated sum as liquidated damages:" Sedgwick on Damages, sec. 413. This statement of the rule was quoted with approval in Emery v. Boyle, 200 Pa. 249. The authorities above cited fully sustain the action of the court below in holding the sum stipulated in the agreement to be liquidated damages. The specifications of error are overruled.

The judgment is affirmed.