# Ambridge Borough v. Pittsburg & Beaver Street Railway Company, Appellants.

*Contracts—Liquidated damages—Boroughs—Street railways.*

Where a borough grants to a street railway company the right to enter upon and occupy its streets and the railway company gives a bond in the sum of $5,000 conditioned to lay its tracks and connect them with others two miles away within eighteen months, the borough is entitled to recover the $5,000 as liquidated damages upon the railway company's failure to complete in the specified time.

Argued Oct. 20, 1911. Appeal, No. 142, Oct. T., 1911, by defendants, from judgment of C. P. No. 4, Allegheny Co., Third T., 1907, No. 138, on verdict for plaintiff in case of Borough of Ambridge v. Pittsburg & Beaver Street Railway Company et al. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZIS-KER, JJ. Affirmed.

Action on a bond.
Verdict for plaintiff for $6,225.

On motion for new trial and rule for judgment n. o. v., SWEARINGEN, P. J., filed the following opinion:

The borough of Ambridge, a municipal corporation of Beaver county, Pennsylvania, brought this action against the Ecobridge Street Railway Company, the French Point

Street Railway Company and the Liberty Land Company, corporations organized and existing under the laws of Pennsylvania, to recover the sum of $5,000, with interest from November 16, 1906. At the trial, there being no dispute as to the facts, the jury, by direction of the court, rendered a verdict in favor of the plaintiff and liquidated the amount at $6,225. The defendants then moved the court to grant a new trial and took a rule for judgment non obstante veredicto.

On May 15, 1905, the borough of Ambridge entered into a written agreement with said Ecobridge Street Railway Company and the French Point Street Railway Company, wherein said borough granted to them the right to construct tracks upon certain streets of said borough, the contract, however, being subject to approval by the council of said borough. A copy of said contract marked exhibit "A" is attached to the plaintiff's statement of demand.

Subsequently, on May 26, 1905, the borough council did ratify and approve said contract upon condition, that the bondsmen in a certain action brought by J. D. Martsolf et al. against said Ecobridge Street Railway Company should be released from liability and the costs and expenses in relation thereto paid. Said bondsmen were released and said costs and expenses were paid.

At the time said contract of May 15, 1905, was executed, said Ecobridge Street Railway Company and the French Point Street Railway Company, as principals, and said Liberty Land Company, as surety, entered into a joint and several bond to said borough of Ambridge in the sum of $5,000 wherein, after reciting and referring to said contract, the following appears:

"Whereas, it is the intention of said principals, as specified in their said contract, to construct and operate by electric power within one year, a street railway on Merchant Street in the Borough of Ambridge, and likewise that the said street railway shall be of double track from Fourteenth Street to Charles Street and double track on

said Fourteenth Street, and further, that the said principals, or one of them, shall construct and operate or cause to be constructed and operated a street railway by electric power within eighteen months from this date through the property of the Liberty Land Company to the line of the Borough of Baden; and in consideration of the ratification and the approval of the above mentioned contract by the Council of the Borough of Ambridge, this bond is executed and delivered to take effect and be binding on the principals and surety immediately upon the ratification and approval of said contract by the said Council.

"Now, the conditions of the above obligation is such, that if the above named principals, or either of them, construct and operate or cause to be constructed and operated within one year a street railway on Merchant Street of double track from Fourteenth Street to Charles Street, and also construct and operate, or cause to be constructed and operated within eighteen (18) months a street railway from Merchant Street to the line of the Borough of Baden (double track on Fourteenth Street) then this obligation to be void, otherwise it is to remain in full force and virtue."

A copy of said bond, marked exhibit "C," is attached to the statement of demand.

That portion of said line of railway, which was to be constructed within the borough of Ambridge, was completed within the time named. But neither of said principals in said bond constructed and operated, within eighteen months from the date thereof, a line of street railway through the property of the Liberty Land Company from the borough of Ambridge to the borough of Baden, as provided in said bond.

The borough of Ambridge lies upon the right bank of the Ohio river in the county of Beaver and the borough of Baden lies about two miles further down the said river. The latter borough was, at the time the bond was given, connected by a line of street railway with the other boroughs and towns upon that side of the Ohio, including

Rochester and Beaver, and with New Brighton and Beaver Falls upon the Beaver river, which empties into the Ohio river at Rochester.

December 3, 1906, after the said period of eighteen months had expired, the council of the borough of Ambridge delivered said bond to the borough solicitor and instructed him to collect the same. This suit was filed May 1, 1907.

The said line of railway from Ambridge to Baden was afterwards completed, to wit, about August 1, 1907.

The plaintiff introduced no evidence of the damages sustained by it, on account of the failure to complete said railway within the time named in the bond. It alleged that the sum of $5,000 named in the bond was a liquidation of the damages and therefore it sought to recover that amount. The defendants denied that the said sum was a liquidation of the damages, and averred that it was but a penalty. It therefore claims that the court should have directed a verdict in favor of the defendant, and that the court should now enter judgment in favor of the defendant non obstante veredicto.

This question is always difficult, for the reason that the courts have not adopted a definite rule upon the subject. What the parties themselves name the sum specified is not controlling. The best statement of the rule we have been able to find is that given in Emery v. Boyle, 200 Pa. 249, where Justice FELL quotes with approval from March v. Allabough, 103 Pa. 335, as follows:

"The question . . . . is to be determined by the intention of the parties, drawn from the words of the whole contract, examined in the light of its subject-matter and its whole surrounding; and in the examination we must consider the relation which the sum stipulated bears to the extent of the injury which may be caused by the several breaches provided against, the ease or difficulty of measuring a breach in damages and such other matters as are legally or necessarily inherent in the transaction."

And the justice further declares:

"The difficulty of measuring the damages which would result from a breach of contract is always an important element, if not a controlling one, in determining whether the intention of the parties was to fix a sum certain as the just amount to be recovered instead of leaving the question to the uncertain estimate of a jury."

In the case now before us, it is clearly impossible to establish by evidence the actual damages which resulted from the breach of the contract in question. The borough was granting the right to enter upon and occupy its streets and the principal defendants were engaging to connect these tracks with others two miles away, so that the residents of Ambridge might reach with ease the boroughs and towns hereinbefore enumerated. It is true the borough does not ride upon street railways, but its residents do; and in making the agreement the borough was acting as the representative of its people. The parties themselves considered, as shown by their agreement, that it was important to have the lines completed at a date certain, and ample time was given to do so. The failure to construct the line within the time stipulated was a breach of the bond and the injured party became entitled to the damages resulting. By no standard of which we have knowledge could such damages be ascertained with any degree of certainty. And it must be assumed that this difficulty was in the contemplation of the parties when the bond was executed. They knew it would be impossible to prove the actual damages in case the line was not completed as agreed. This is, therefore, a reason for naming a sum to be paid in case of a breach.

The case at bar is similar to the very recent case of York v. York Railways Company, 229 Pa. 236, in which our Supreme Court affirmed a judgment for $25,000 in favor of the city of York. The company had given a bond in that sum conditioned for the completion of tracks upon certain streets of said city within three years after the date. Work had been promptly commenced, but the tracks were not all completed within that time. The

court there held that the amount named was a liquidation of the damages. We can see no distinction between that case and the one at bar.

Motion refused and rule discharged.

*Error assigned* among others was in refusing to enter judgment for defendants.

*Edwin W. Smith,* of *Reed, Smith, Shaw & Beal,* for appellants.

*W. H. S. Thomson,* with him *Frank Thomson* and *Robert Ritchie,* for appellee.

PER CURIAM, January 2, 1912:

The judgment is affirmed on the opinion of the learned president judge of the common pleas.