Vrooman *v.* Milgram, Appellant.

Argued November 10, 1936.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*A. E. Hurshman,* for appellant.

*Joseph A. Keough,* with him *Levi, Mandel & Miller,* for appellee.

OPINION BY JAMES, J., December 11, 1936:

On April 3, 1935, Hiram P. Vrooman entered into an agreement to sell to Norton Milgram all the stock, fixtures, equipment and goodwill of his meat and grocery business located at Llanerch, Delaware County, Pa. The selling price was $2,100 and was to be paid in the following manner: "Upon the signing of this agreement, deposit Three Hundred ($300) Dollars, receipt of which is hereby acknowledged. In case of default by the party of the second part in the fulfillment of the terms of this agreement, the deposit shall be forfeited as liquidated damages." An additional deposit was to be paid on April 4, and settlement and possession were to be made on or before April 20, 1935. The deposit of $300 was paid by the buyer to an agent by check, on which check payment was stopped by the buyer. The seller guaranteed that the weekly gross receipts of the business would average $700 and the buyer was to be permitted to try out the business for the week of April 5 to April 12, and in the event the business fell below that amount, the deposit was to be returned to the buyer. Suit was brought by the seller upon the agreement for the liquidated damages of $300. At the trial, the court refused defendant's motion for binding

instructions and directed a verdict for the plaintiff for the sum of $300. Defendant's motion for judgment n. o. v. was dismissed, judgment entered on the verdict, from which this appeal was taken.

. Appellant has confined himself solely to the question of whether the deposit money was to be regarded as liquidated damages or a penalty. "The question whether the amount stated in a conditional bond or contract is to be taken as a penalty or a liquidation of damages arising from a breach of the condition, is to be determined by the intention of the parties, drawn from the words of the whole contract, examined in the light of its subject-matter and its surroundings; and that in this examination we must consider the relation which the sum stipulated bears to the extent of the injury which may be caused by the several breaches provided against, the ease or difficulty of measuring a breach of damages, and such other matters as are legally or necessarily inherent in the transaction": *March v. Allabough,* 103 Pa. 335, 341. "The general principle upon which the law awards damages is compensation for the loss suffered. The amount may be fixed by the parties in advance, but where a lump sum is named by them the court will always look into the question whether this is really liquidated damages or only a penalty, the presumption being that it is the latter. The name by which it is called is but of slight weight, the controlling elements being the intent of the parties, and the special circumstances of the case": *Keck v. Bieber,* 148 Pa. 645, 646, 24 A. 170. The difficulty of measuring the damages which would result from a breach of contract is always an important element, if not a controlling one, in determining whether the intention of the parties was to fix a sum certain as the just amount to be recovered instead of leaving the question to the uncertain estimate of a jury: *Emery v. Boyle,* 200 Pa. 249, 49 A. 779. These general prin-

148

ciples have been approved in many cases among which are: *Kunkel & Jordan v. Wherry*, 189 Pa. 198, 42 A. 112; *York v. York Railways Co.*, 229 Pa. 236, 78 A. 128; *Ambridge Boro., v. P. & B. St. Ry.*, 234 Pa. 157, 82 A. 1105; *Gottschall v. Kapp*, 47 Pa. Superior Ct. 102; *Ellis v. Roberts et ux.*, 98 Pa. Superior Ct. 49.

From the nature of this case, the actual damages, which would result from the breach of the contract, would not readily be susceptible of ascertainment and the clear intention of the parties was to fix an amount which would compensate the seller for the failure of the buyer to fulfill his bargain. The amount of $300, as compared to the total consideration of $2,100, does not seem to us to be disproportionate to the loss which the seller would probably suffer as a result of the breach by the buyer. The loss for the breach of an agreement of sale of the stock and goodwill of a going grocery business, would indeed be difficult to determine. We have also given consideration to the fact that had the suit been brought directly upon the check, rather than for the liquidated damages provided in the agreement, the record would have established no valid defense. A fair and equitable interpretation of the agreement leads us to the conclusion that the amount fixed was liquidated damages and not a penalty.

The assignments of error are overruled and the judgment is affirmed.