## Heller et ux. v. First National Bank & Trust Co. of Newtown

*Webster S. Achey,* for plaintiffs.
*Vanartsdalen & Biester,* for defendant.

BOYER, J., February 5, 1940.—This is an action of assumpsit brought by plaintiffs against defendant to recover the sum of $850 with interest as damages for the alleged breach of a written agreement for the sale of real estate by defendant to plaintiffs. The statement of claim avers that plaintiffs paid to defendant the sum of $850 as down money under the terms of the contract; that, upon application for title insurance, it was discovered that an easement existed on said premises by reason of which defendant could not convey the same to them "clear of encumbrances and easements"; that thereupon defendant repaid to plaintiffs the said sum of $850 down money, together with title insurance costs. The action was brought to recover the sum of $850 notwithstanding, and in addition to, the refund of down money in that sum. The portions of the contract particularly relevant to the legal questions before us are the following:

"The first deposit above stated shall be forfeited to the party of the first part as assessed and liquidated damages in case of the default by the said parties of the second part in the performance of the terms of this agreement. . . .

"The premises are to be conveyed free and clear of encumbrances and easements, except light, telephone, pipe and transmission lines, if any. . . .

"Title is to be good and marketable and such as will be insured by any reputable title or trust company at the usual rates. . . .

"Settlement to be made on or before December 21, 1938. Said time to be the essence of this agreement, unless extended by mutual consent in writing endorsed hereon. . . .

"For the faithful performance of this agreement, the said party of the first part does hereby bind itself, its successors and assigns, and administrators, to the said parties of the second part their heirs and assigns in the sum of $850 to be sued for and recovered in addition to the amount paid upon this contract by the said parties

of the second part, as debts of like amount are now by law recoverable in case of the failure of the said party of the first part to comply with this agreement."

Defendant filed an affidavit of defense raising questions of law which in substance are, that the suit is brought for the recovery of a penalty and therefore cannot be sustained; that under the contract nothing can be recovered excepting actual damages; and that, no actual damage being averred, there can be no judgment for plaintiff. For our purposes, the pleadings raise a simple, legal question as to whether or not the contract provides for the payment of $850 as assessed and liquidated damages, or as a penalty for its breach.

The general, and most frequently quoted rule on this subject is that stated in Mathews v. Sharp, 99 Pa. 560, 564, as follows:

". . . to determine whether the sum named as a forfeiture for non-compliance is intended as a penalty, or as liquidated damages, it is necessary to look at the whole contract, its subject-matter, the ease or difficulty in measuring the breach in damages, and the magnitude of the stipulated sum, not only as compared with the value of the subject of the contract but in proportion to the probable consequences of the breach."

This definition was formulated from an earlier definition in Streeper v. Williams, 48 Pa. 450, at 454. It has been quoted and approved in Keck v. Bieber, 148 Pa. 645, Stover v. Spielman, 1 Pa. Superior Ct. 526, Gottschall v. Kapp, 47 Pa. Superior Ct. 102, and Vrooman v. Milgram, 124 Pa. Superior Ct. 145.

There is another important principle affecting the interpretation of contracts with relation to the fixing of a lump sum in advance in liquidation of a claim for damages, which is important in this case, namely, that in determining whether such an agreement is for liquidated damages or for a penalty, it is presumed to be a penalty. In Keck v. Bieber, supra, it was said, page 646:

"The general principle upon which the law awards damages is compensation for the loss suffered. The amount may be fixed by the parties in advance, but where a lump sum is named by them the court will always look into the question whether this is really liquidated damages or only a penalty, the presumption being that it is the latter".

This was quoted and approved in Kunkel & Jordan v. Wherry, 189 Pa. 198, at page 201, and in Vrooman v. Milgram, supra, pp. 145, 147. It would seem to follow as a corollary that in all cases of doubt in the interpretation of such a contract the doubt must be resolved against liquidated damages and in favor of a finding that it is a penalty. In Robeson et al., Admrs., v. Whitesides, 16 S. & R. 320, the court said:

"Stipulated damages can only be where there is a *clear unequivocal* agreement, which stipulates for the payment of a certain sum, as a liquidated satisfaction, fixed and agreed upon between the parties . . .". In that same case the court defined a penalty as follows:

"A penalty is a forfeiture annexed to a contract, or agreement; either for the better enforcing a prohibition, or *by way of security* for the doing of some collateral act agreed upon between the contracting parties." (Italics supplied.)

Another principle, invoked by defendants in this case, is that a penal bond, unless otherwise specifically provided by its terms, is always a penalty, and not liquidated damages: Robeson et al., Admrs., v. Whitesides, supra; Burr v. Todd, 41 Pa. 206; Keck v. Bieber, supra. The principle is more fully stated in Burr v. Todd, supra, at p. 212, as follows:

"The bond in suit is a penal bond, conditioned for the conveyance of certain titles. It is impossible to regard it as a liquidation of damages for breach of condition. There is not a word in it to import an agreement of the parties to that effect. The reasons assigned in Robeson v. White-

sides, 16 S. & R. 320, for not treating a similar bond as an agreement for liquidation of damages, apply with all their force to this bond. The distinction between a penal bond and stipulated damages cannot be better stated than it is in that case. In Robinson v. Bakewell, 1 Casey 424, nobody suggested that the penalty of the bond was a liquidation of damages. In Gray v. Crosby, 18 Johns. Rep. 219, there was an express agreement for stipulated damages in $500, but the actual damages were ascertained at $310, and the court compelled the plaintiff to accept the latter sum, and refused him the other. So averse is the law to compensating a disappointed purchaser beyond the actual injury he has sustained."

It is to be noted that the court comments on the fact that "there is not a word in it to that effect", indicating that unless the bond specifies that the sum named is agreed to represent liquidated damages, it must be held to be a penalty. This is consistent with the case of York v. York Rys. Co., 229 Pa. 236, 242. In that case the bond was held to provide for liquidated damages because it contained the following provision:

" 'The said company, its successors and assigns, also agrees that said bond shall become forfeited to and collectible by the city of York as assessed and liquidated damages due and owing said city in the event of the failure of said company . . . to complete and operate its line . . .' ". This is the only case of which we are aware in which the penal sum named in a bond was held to be liquidated damages.

The third principle which may have some bearing on this case is to the effect that even though the parties have named the sum as liquidated damages, if the covenant embraces the performance of several acts, and a single sum is named, it will be treated as a penalty: Lackawanna Boiler & Grate Co. v. Lee Coal Storage Co., 290 Pa. 561; Gross v. Exeter Machine Works, Inc., 277 Pa. 363; Gottschall v. Kapp, supra; Stover v. Spielman, 1 Pa. Superior Ct. 526; Keck v. Bieber, supra. There is an ex-

ception to this rule to the effect that if the damages cannot be adequately assessed for a breach of any of the stipulations, the agreed sum will be enforced as liquidated damages except in case of great disproportion between the stipulated sum and the actual loss: Gottschall v. Kapp, supra.

Applying the foregoing principles to the case in hand, we first call attention to the portion of the general rule that if the sum named is disproportionate to the actual damage suffered it will be held to be a penalty. Actual damage here undoubtedly means actual "legal" damage. In this case the legal damage for which a vendor becomes liable is the amount of down money received on account and the vendee's actual expenses: Orr v. Greiner, 254 Pa. 308. In that case it was said (p. 313):

" . . . if the amount named was fixed in view of the return of the consideration, in case of default by the vendor, then of course it was a very reasonable and moderate provision; but if it was not intended to include the consideration paid, it was, in the view expressed by the court below, 'so grossly disproportioned to the damages which might be suffered in the way of *expenses and trouble* under such a contract, as to be unconscionable.' In Haney v. Hatfield, 241 Pa. 413, the rule laid down in Dumars v. Miller is reiterated, that, in case of breach of contract to convey land, the vendor is to restore the vendee to the condition in which he found him, but is not bound to compensate him for the value of the bargain. It is only in cases of fraud that the damages are to be increased, and then the fraud must relate to the inception of the contract: McNair v. Compton, 35 Pa. 23. Mere failure to convey is not fraud which will subject the vendor to further damages: Harris v. Harris, 70 Pa. 170; Rineer v. Collins, 156 Pa. 342." (Italics supplied.)

In Glasse v. Stewart, 32 Pa. Superior Ct. 385, 387, it was held that for failure of a vendor to convey, the vendee is only entitled to recover the purchase price and his expenses, the court, by Judge Henderson, saying:

"The rule is well established that if the vendor make default without fraud the vendee is only entitled to recover the price paid, together with the expenses incurred on the faith of the contract: Dumars v. Miller, 34 Pa. 319; McNair v. Compton, 35 Pa. 23; Rineer v. Collins, 156 Pa. 342; Doyle v. Brundred, 189 Pa. 113; Eberz v. Heisler, 12 Pa. Superior Ct. 388; Stephens v. Barnes, 30 Pa. Superior Ct. 127. This rule applies both to written and parol contracts: Bowser v. Cessna, 62 Pa. 148; Dumars v. Miller, 34 Pa. 319."

In the case before us the provision is for the recovery of $850 in addition to the return of the down money. It is, therefore, apparent that the payment of the additional sum of $850 as liquidated damages would be grossly disproportionate to plaintiff's actual damage which could only be his expenses incurred on the faith of the contract. Therefore, on this principle alone, we are constrained to hold that the provision for the recovery of that sum in addition to the return of the down money is a penalty and, therefore, not recoverable in this action.

We arrive at the same conclusion from the consideration of the other principle above set forth, that the sum provided for in a bond is a penalty. This was held to be true in the case of Warfel v. Burkholder (No. 1), 29 Dist. R. 939. We cite that case particularly because the language of the agreement was rather similar to that in the present agreement, being as follows:

" 'And for the true performance of all and every the covenants and agreements aforesaid, each of the parties bindeth themselves, their heirs, executors and administrators, unto the other, their heirs, and administrators and assigns, firmly by these presents in the sum of Five Hundred dollars."

It was held that that provision in the contract for the sale of real estate was for a penalty and not for liquidated damages. In the case at bar, a study of the language of the agreement is very enlightening. It does not state in simple language that the vendor agrees to pay or forfeit

to the vendee the sum of $850 as assessed and liquidated damages. On the contrary, the language is indicative of an indemnity, the vendor binding itself in a certain sum, not to be paid, but "to be sued for." The natural inquiry is, why "to be sued for"? The answer seems obvious. It is to be sued for in order to legally determine what amount of damage was suffered and shall be paid. The provision appears to us to be clearly an agreement that the vendor will indemnify the vendee against loss to an amount not in excess of $850. Had it been the intention of the parties, it would have been very simple to have stated that $850 was to be paid as liquidated damages. The language above quoted from Burr v. Todd, 41 Pa. 206, 212, may be applied with peculiar force and propriety to the facts in this case, namely: "It is impossible to regard it as a liquidation of damages for breach of condition. There is *not a word in it* to import an agreement of the parties to that effect." (Italics ours.) We feel that this is conclusive against plaintiff's right to recover in this action.

Defendant also invokes the additional principle, above discussed, that where a sum is named as agreed damages for the breach of a number of independent covenants it will be treated as a penalty. We doubt whether this principle is applicable to the case before us. While there are a number of covenants in the agreement of sale to be performed by the vendor, we do not believe that they are severable and independent; but that they all relate to the main purpose of the contract, namely, the conveyance of real estate to plaintiff for the agreed price. However, in view of our foregoing conclusions, it is not necessary to discuss this principle any further, or the additional contention of defendant that the words "faithful performance" used in the penal portion of the bond require an allegation by plaintiff of fraud, dishonesty, or bad faith. We do not believe that the word "faithful" is synonymous with "honest", but that it merely means; "exact", "complete", and "accurate".

Now, February 5, 1940, the questions of law raised by the affidavit of defense are sustained, and leave is granted to plaintiff to file an amended statement of claim within 15 days from this date, in default whereof judgment will be entered in favor of defendant.