**ROBINS MOTOR TRANSPORTATION, INC.**

v.

**ASSOCIATED RIGGING & HAULING CORPORATION, et al.**

Civil Action No. 96–5235.

United States District Court, E.D. Pennsylvania.

Oct. 31, 1996.

Scott F. Waterman, Jenkintown, PA, for Plaintiff.

No Counsel entered an appearance for defendant.

### MEMORANDUM

DALZELL, District Judge.

*Background*

The question before us is whether we may enforce a tariff provision assessing a fifty percent collection charge on delinquent freight charges, which would result in liquidated damages of $30,867.02, over six times the value of lawyers' time incurred to date.

From September 25, 1995 through December of 1995, Robins Motor Transportation, Inc. ("Robins Motor"), a common carrier, allegedly hauled goods in interstate commerce for Associated Rigging & Hauling Corporation ("Associated Rigging"). Associ-

ated Rigging has allegedly refused to pay for these services.

The contract between the parties, known in the shipping industry as the "tariff", provides in relevant part:

Item 409—Charges—Payment of

When tariff charges are not paid within the maximum credit period of 30 calendar days permitted by ICC Regulations 49 CFR 1320, a penalty of 2 percent of the Freight Bill Amount will be assessed in addition to the original charges. Debtor will be responsible for attorneys fees and/or court costs associated with or as a result of suit as shown in item 435 (Collection Fees) of this tariff.

Item—435—Collection Fees

In the event it becomes necessary to employ the use of a collections agency and/or attorney in the collection of freight charges, an amount equal to 50 percent of the outstanding freight charges [or] $200.00 whichever is greater, shall be assessed in addition to applicable freight charges. To avoid imposition of these charges, shipper must pay invoices within the carrier's authorized credit period.

On July 30, 1996, Robins Motor served the summons and verified complaint in this case on defendants, demanding payment for the allegedly delinquent freight charges. When neither Associated Rigging nor Jonathan Krevat, a shareholder and officer of Associated Rigging, answered the complaint within the time permitted under Rule 12, Robins Motor filed a request to enter default judgment, *see* Fed.R.Civ.P. 55.

In its complaint and request for entry of default judgment, Robins Motor, pursuant to the quoted tariff provisions, seeks to collect from Associated Rigging allegedly delinquent freight charges of $60,523.57, accrued interest of $1,210.47, and collection charges of $30,867.02, the last sum, pursuant to Item 435 of the tariff, calculated at fifty percent of the overdue freight charges. Given the significant collection charges Robins Motor seeks, we ordered it to file a memorandum of

law addressing the enforceability of a collection charges provision of a tariff of this magnitude. *See* Orders of September 23 and October 8, 1996.

*Legal Analysis*

Although recent congressional action has significantly altered the regulation of interstate motor carriers, the law relevant to this case remains largely unchanged. *See* Negotiated Rates Act of 1993, Pub.L. 103–180, 107 Stat. 2044; Trucking Industry Regulatory Reform Act of 1994, Pub.L. 103–311, 108 Stat. 1683. The Interstate Commerce Commission ("ICC"), recently renamed the Surface Transportation Board, has established a detailed regulatory scheme providing, *inter alia,* that in the event a shipper does not pay the freight charges due within a specified period of time, the carrier may "assess reasonable and certain liquidated damages for all costs incurred in the collection of [the] overdue freight charges." 49 C.F.R. 1320.2(g)(1) (1995).

Carriers are permitted to use one of two methods in assessing these liquidated damages. The first method, and the one Robins Motor employed, "is to assess liquidated damages as a separate additional charge to the unpaid freight bill. In doing so, the tariff rule shall disclose the exact amount of the charges by stating either a dollar or specified percentage amount (or a combination of both) of the unpaid freight bill." 49 C.F.R. § 1320.2(g)(1)(i) (1995).[1]

In accordance with general principles of contract law, any award of liquidated damages under either method of calculation must be reasonable. 49 U.S.C. § 13701(a)(1) (1996) ("A rate, classification, rule, or practice related to transportation or service ... must be reasonable."); 49 U.S.C. § 10701 (1995) ("A rate ... classification, rule, or practice related to transportation or service related to transportation or service provided by a carrier subject to the jurisdiction of the Interstate Commerce Commission ... must be reasonable."); 49 C.F.R. 1320.2(g)(1)

---

1. "The second method is to require payment of the full, nondiscounted rate instead of the discounted rate otherwise applicable. The difference between the discount and the full rate con-

stitutes a carrier's liquidated damages for its collection efforts." *Id.* at § 1320.2(g)(1)(ii) (1995).

(1995) ("Carriers may, by tariff rule, assess reasonable and certain liquidated damages for all costs incurred in the collection of overdue freight charges."); Regulations for Payment of Rates and Charges—Penalty Charges for Nonpayment, 1988 WL 224678, n. 2 (Feb. 17, 1988) ("*Penalty*") ("The level of the [liquidated damages] charge would, of course, be subject to review on reasonableness grounds under 49 U.S.C. § 10701.").

Despite this requirement of reasonableness, there is a surprising dearth of authority specifying what constitutes a reasonable liquidated damage award under 49 C.F.R. § 1320.2(g)(1)(i). *See* Pl.Mot. at 1 ("Plaintiff has been unable to find any cases discussing what is considered a reasonable attorneys [*sic*] fee"). In particular, there is no regulatory authority defining what percentage of the unpaid freight charges may be assessed as liquidated damages.

The only ICC statement we have found addressing the issue is:

> These [liquidated damages] charges may be established by tariff rule in one or a combination of several different ways. They may be assessed as a one-time dollar amount or percentage of the overdue freight payment, or as a daily charge on the unpaid freight bill amount, or as a monthly charge. Indeed, the charge may be assessed as a combination of dollar and percentage amounts, such as, for example, $500 or 15% of the unpaid freight bill amount, whichever shall be greater. The dollar and/or percentage amounts of the freight bill, however, should be reasonably tied to the carrier's anticipated collection expenses.

*Penalty* at 4.

The ICC, however, went on to say that "we think that any determination of maximum reasonable liquidated damages charges will depend on each carrier's situation, and require examination on a case-by-case basis." *Id.*

We therefore turn to general federal contract law for guidance on the question of what is a reasonable liquidated damages charge. *See First Pennsylvania Bank v. Eastern Airlines, Inc.*, 731 F.2d 1113, 1115

(3d Cir.1984) (federal common law governs interpretation of carrier's tariff). Under federal contract law, contract provisions calling for the payment of damages that reasonably estimate the probable harm from a breach of the contract are allowable as liquidated damages. Contract provisions requiring the payment of damages that bear little or no relation to the probable harm resulting from a breach of contract are, by contrast, penalty clauses and are void and unenforceable as against public policy. *See Priebe & Sons, Inc. v. United States*, 332 U.S. 407, 411–12, 68 S.Ct. 123, 125–26, 92 L.Ed. 32 (1947) (liquidated damages are enforceable "[w]hen they are fair and reasonable attempts to fix just compensation for anticipated loss caused by breach of contract"); *United States v. Redovan*, 656 F.Supp. 121, 127 (E.D.Pa. 1986).

 Pennsylvania contract law is consistent with federal common law in this regard. *See In re Plywood Co.*, 425 F.2d 151, 155 (3d Cir.1970) (under Pennsylvania law, a court cannot enforce a liquidated damages clause that is punitive in nature); *Hanrahan v. Audubon Builders, Inc.*, 418 Pa.Super. 497, 614 A.2d 748, 750 (1992); *Kunkle v. Wherry*, 189 Pa. 198, 42 A. 112 (1899); Restatement (Second) of Contracts § 356 cmt. a (1979). As our Court of Appeals has said:

> Pennsylvania follows the principles set forth in the original Restatement of Contracts (1932) with regard to the non-enforcement of contractual provisions that [allegedly] establish penalties. *See* [*id.*] § 339. When the parties have made a reasonable forecast as to just compensation for an injury that was difficult to estimate at the time they entered into the contract, that provision will be deemed to be one for liquidated damages, and enforceable. On the other hand, a provision that calls for payment of a sum on non-performance or on default that is disproportionate to the value of the performance promised or the injury that has actually occurred will be deemed a penalty.

*Finkle v. Gulf & Western,* 744 F.2d 1015, 1021 (3d Cir.1984) (citations omitted).[2]

Accordingly, courts in our Circuit have held that contract clauses that set liquidated damages at twenty percent of the unpaid balance are reasonable and not unenforceable penalty provisions. *See, e.g., Sheet Metal Workers Local 19 v. Genesio Co.,* No. 94–4632, 1995 WL 60016, \*1 & \*3 (E.D.Pa. Feb. 8, 1995); *Midlantic Commercial Leasing Co. v. Tender Loving Care,* No. 88–9545, 1990 WL 72861, at \*3 (E.D.Pa. May 23, 1990).

 Applying these principles to this case, we find collection charges of $30,867.02, calculated at a rate of fifty percent of the delinquent freight charges of $60,523.57, to be unconscionably high. The liquidated damages clause here is therefore unenforceable as written because it is a penalty provision. *Finkle,* 744 F.2d at 1021 ("If the amount of damages assessed is subsequently adjudged unreasonable in the light of either anticipated or actual harm, the contractual provision will be voided as a penalty...."). Although a carrier is allowed to assess liquidated damages because it "normally [will] ... not recoup the exact amount of [its] expenditures for court costs, attorney's fees, interest on the unpaid bill, and in-house administration cost," it is not entitled to assess liquidated damages that have no relationship whatsoever with the actual costs or reasonably estimated costs of collection. *See Penalty* at n. 2.

Furthermore, an award of collection charges calculated at a rate of fifty percent of the overdue freight charges would be contrary to the purpose for allowing for liquidated damages in tariffs. The intent underlying the regulations governing the assessment of charges for the nonpayment of freight charges is to: "(1) discourag[e] shippers from taking undue advantage of the carrier's extension of credit; (2) authoriz[e] carriers to recover costs incurred in connection with overdue charges; and (3) pre-

vent[ ] cross subsidy of collection costs and losses." Regulations for Payment of Rates and Charges—Penalty Charges for Nonpayment, 1987 WL 98123, at \*3 (Mar. 25, 1987). For us to award collection charges calculated at a rate of fifty percent would result in carriers impermissibly using the applicable regulations to reap a windfall that bears no relationship to their actual or reasonably estimated collections costs. *See* E. Allan Farnsworth, *Farnsworth on Contracts,* § 12.18, at 295 (1990) ("An attempt to fix a particular sum as attorney's fees or set a formula for their calculation must meet the same test as a liquidated damages clause.").

Since we strike the liquidated damages clause here as an unenforceable penalty, Robins Motor may only recover actual damages resulting from the breach of the tariff. *See Kingston Constructors v. Washington Metro. Area Transit Auth.,* 930 F.Supp. 651, 656 (D.D.C.1996) ("Where a liquidated damage clause is stricken, only actual damages may be recovered."); *Rattigan v. Commodore Int'l, Ltd.,* 739 F.Supp. 167, 169 (S.D.N.Y.1990) ("[W]hen a court strikes the [liquidated damage] clause as a penalty, the prevailing party is limited to actual damages proven."); 5 Arthur Linton Corbin, *Corbin on Contracts* § 1062, at 361 (1964) ("If for any reason the court holds that the sum fixed in the contract is a penalty and not liquidated damages, the plaintiff can recover nothing as damages for the defendant's breach unless he proves actual injury and its amount.").

Robins Motor has submitted an affidavit, averring that the total amount of attorneys' fees incurred so far are $4,845.00. We thus award this amount as the actual damages proven so far and grant Robins Motor leave to file for any additional reasonable attorneys' fees it may incur in the future in connection with execution of our judgment.[3]

An appropriate order follows.

---

**2.** This precept of Pennsylvania contract law is "true even if parties of equal bargaining power, negotiating at arms length, agreed to the penalty provision" in good faith. *Giant Food Stores, Inc. v. Kmart Corp.,* No. 94–6817, 1996 WL 432487, at \*1 (E.D.Pa. July 30, 1996) (citing cases). In addition, the party seeking to enforce a liquidated damages clause has the burden of demon-

strating its reasonableness. *See First Nat'l Bank of Maryland v. Philadelphia Nat'l Bank,* No. 87–2829, 1989 WL 79789, at \*9 (E.D.Pa. July 10, 1989) (Joseph S. Lord, III, J.).

**3.** We caution Robins Motor that given the already significant expenditure of legal time in the production of less than illuminating memoranda

*ORDER*

AND NOW, this 31st day of October, 1996, upon consideration of plaintiff's unopposed motion for judgment by default, which we treat as a motion pursuant to Fed.R.Civ.P. 55(b)(2), it is hereby ORDERED that:

1. The motion is GRANTED IN PART AND DENIED IN PART;

2. JUDGMENT IS ENTERED in favor of plaintiff and against defendants in the amount of sixty-six thousand five hundred seventy-nine dollars and four cents ($66,-579.04), being the total of (a) the delinquent freight charges sought in the verified complaint, (b) the interest on the unpaid freight charges claimed in the verified complaint, and (c) actual damages proven to date;

3. The Clerk is instructed to mail a copy of this Order to Associated Rigging & Hauling Corporation, 459 Winding Road, Old Bethpage, NY, 11804 and Jonathan Krevat, 459 Winding Road, Old Bethpage, NY, 11804; and

4. The Clerk shall CLOSE this case statistically.

of law, we do not give it a blank check for payment of future legal bills. When evaluating any future submission for attorneys' fees for reasonableness, we will measure them against what Robins Motor could have recovered if the collection charge provision in the tariff here had calculated liquidated damages at a rate of fifteen percent of the overdue freight charges, as ICC authority suggest, *see Penalty* at 4, which in this case would have resulted in a total maximum liquidated damages award of $9,078.54.